EMORY COLE, Respondent, *v.* THE MILLERTON IRON COMPANY et al., Respondents, et al., Appellants.

The assets of a corporation are a trust fund for the payment of its debts, upon which its creditors have an equitable lien, both as against the stockholder and all transferees, except those purchasing in good faith and for value.

A transfer by a corporation of all its property and effects, which has the effect of terminating the regular business of the corporation, and was made and accepted by the transferee with that purpose, is illegal as against creditors of the corporation.

In an action to set aside such a transfer, to sequester the property and to have a receiver appointed, it appeared that the transfer was made, without consideration, except the assumption of the debts of the transferer, to another corporation, having the same stockholders and officers, and which, before the transfer, conducted the business of the transferer. The transferee immediately executed a mortgage covering its own property and that thus transferred. It was urged as a defense that the transaction was a practical consolidation of the two companies. *Held,* untenable; that a consolidation could only be effected under the permission and safeguards of the statute.

Also *held,* it was no answer that the creditor was not harmed by a change of the debtor; that he could not be forced to make such a change against his will; also that he was in fact harmed by the mortgaging of the property.

The prohibition of the statute (1 R. S. 603, § 4) against a transfer by a corporation in contemplation of insolvency is not limited to cases where payment of some obligation of the corporation has previously been refused.

Where the parties to such a transfer know that its necessary effect will be to make the corporation unable to pay its debts, they will be held to have intended that consequence of their acts, and the transfer is illegal.

It appeared that under the judgment in an action subsequently commenced by one of the defendants, a receiver of said property had been appointed; this appointment was made without notice to the attorney-general, as required by the statute (Chap. 378, Laws of 1883). *Held,* that the judgment and such appointment were not a bar to this action.

(Argued March 16, 1892; decided April 19, 1892.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 12, 1891, which reversed a judgment in favor of defendants entered

upon a decision of the court on trial at Special Term, and granted a new trial.

This action was brought by plaintiff, a judgment creditor of the National Mining Company of Pawling, to set aside a conveyance made by it of all its property to defendant, the Millerton Iron Company, and also to release said property from the lien of a mortgage executed by that company to defendant, the Mercantile Trust Company, and for the appointment of a receiver, etc.

William H. Chapman, one of the defendants, a judgment creditor of said National Mining Company and the Millerton Iron Company, after service of the summons and complaint herein, brought a separate action against each of said companies, without making this plaintiff a party, and without notice to the attorney-general for sequestration and distribution of the property of said corporations, and a receiver was appointed therein.

The further material facts are stated in the opinion.

*Thomas Thacher* for appellants. The transfer being made to and upon the request of the holder of all the stock of the National Company, cannot be attached upon the ground that thereby the corporate business was terminated. (*H. & G. M. Co.* v. *H. & W. M. Co.*, 127 N. Y. 252; *Holmes* v. *Willard*, 125 id. 75; *Ehrman* v. *Ins. Co.*, 35 Ohio St. 324; *Webster* v. *Turner*, 12 Hun, 264; *S. H. B. Co.* v. *E. H. B. M. Co.*, 90 N. Y. 607.) The transfer, having been made upon the request of the holder of all the stock of the National Company, is not open to attack upon the ground that the officers of the two companies were the same. (*Barr* v. *N. Y., L. E. & W. R. R. Co.*, 125 N. Y. 263, 275, 277; *T. L. O. Co.* v. *Marbury*, 91 U. S. 587; *Barnes* v. *Brown*, 80 N. Y. 536; *Wallace* v. *L. I. R. R. Co.*, 12 Hun, 463; *People* v. *Lowe*, 117 N. Y. 191; *Duncomb* v. *N. Y., H. & N. H. R. R. Co.*, 84 id. 191; *Wardell* v. *R. R. Co.*, 4 Dill. 339; 103 U. S. 659; *Thomas* v. *B., etc., R. R. Co.*, 109 id. 522.) The transfer was not void, under 1 Revised Statutes (Tit. 4, chap. 18, § 4), as being

made "in contemplation of insolvency." (*Paulding* v. *C. S. Co.*, 94 N.Y. 334; *Dutcher* v. *I. & T. Bank*, 59 id. 5.) The transfer was not injurious to the plaintiff, was not in fraud of any rights of his. (*Graham* v. *R. R. Co.*, 102 U. S. 148; Laws of 1884, chap. 367; *Coates* v. *Donnell*, 94 N. Y. 168; *R. S. Bank* v. *Averell*, 96 id. 473; *Welch* v. *I. & T. Bank*, 122 id. 187.) If the transfer were void by reason of anything appearing upon the deed or deeds by which it was made, the complaint would properly have been dismissed. (Wait on Fraud. Conv. [2d ed.] § 418; *Townsend* v. *Mayor, etc.*, 77 N. Y. 545.)

*C. B. Herrick* for respondent. This action was properly brought by plaintiff as a judgment creditor of the National Mining Company of Pawling. (Code Civ. Pro. §§ 1781, 1782; *Paulson* v. *Van Steenburgh*, 65 How. Pr. 342; *People* v. *Lowe*, 117 N. Y. 175; *People* v. *Ballard*, 56 Hun, 125.) The conveyance of the property of the National Mining Company of Pawling to the Millerton Iron Company was illegal. (*Abbott* v. *A. H. R. Co.*, 33 Barb. 578; *Copeland* v. *C. G. L. Co.*, 61 id. 60; *Webster* v. *Turner*, 12 Hun, 264; *Bartlett* v. *Drew*, 57 N. Y. 587; 2 Morawetz on Priv. Corp. § 799; *M. E. R. Co.* v. *M. R. Co.*, 14 Abb. [N. C.] 103; *M. A. B. Church* v. *O. S. B. Church*, 73 N. Y. 82.) This mortgage was illegal because there was not proper assent of stockholders thereto. (*R. S. Bank* v. *Averell*, 96 N. Y. 467; *Wheeler* v. *Miller*, 90 id. 389; Laws of 1858, chap. 314; *Vail* v. *Hamilton*, 85 N. Y. 453.) The mortgagee and bondholders are chargeable with knowledge of the illegality of the conveyance by the National Mining Company of Pawling and of this mortgage. (*Taylor* v. *A. & G. W. R. R. Co.*, 57 How. Pr. 26; *Caylus* v. *N. Y., K. & S. R. R. Co.*, 10 Hun, 295; *Alexander* v. *Cauldwell*, 83 N. Y. 480; *McPherson* v. *Rollins*, 107 id. 316.) Even if the other bondholders can hold this security that right is not extended to William H. Barnum. (*Cromwell* v. *County of Sac*, 96 U. S. 59; *Kost* v. *Bender*, 25 Mich. 515; *Dilling-ham* v. *Blood*, 66 Me. 140; *Eckhert* v. *Ellis*, 26 Hun, 663.)

The appointment of a receiver of the properties of the National Mining Company of Pawiing and the Millerton Iron Company in the actions brought by William H. Chapman does not affect this action. (Laws of 1883, chap. 378, § 8; *Whitney* v. *N. Y. & A. R. R. Co.*, 32 Hun, 164; *Craig* v. *Town of Andes*, 93 N. Y. 405.)

FINCH, J. The plaintiff is a creditor of the National Mining Company, a coporation formed and existing under the laws of this state. He commenced an action to recover damages done to his property by the wrongful act of the corporation, serving the summons in October, 1887, and recovering judgment in July of the next year. During the pendency of the action all the property and assets of the debtor corporation were transferred to the Millerton Iron Company, also a domestic corporation, upon a nominal consideration, except an assumption by the vendee of the debts of the vendor, and thereupon the former executed a mortgage to the Mercantile Trust Company covering all its property, including that acquired from the National Mining Company. When the plaintiff obtained his judgment nothing remained upon which it was a lien and his execution was returned unsatisfied. He then began this action, in which he assailed the transfers made, with a view of subjecting the property of the debtor corporation to the satisfaction of his debt. Upon the trial his complaint was dismissed, but the General Term reversed the judgment and ordered a new trial. From that order the Trust Co. alone appeals and has given the usual stipulation for judgment absolute.

The trial court has refused to find that the National Company was insolvent at the date of its transfer, but did find that such transfer suspended and terminated the regular business of the grantor, and was made and accepted with that purpose and intention. The practical effect was to dissolve the grantor corporation and subject its charter to forfeiture at the hands of the state, for it voluntarily stripped itself of all its property and assets and became incapable, and intended to be and remain

incapable of performing its corporate duties. Such a transfer, which involves the destruction of the corporation and an abandonment of the purposes of its organization, is illegal as against creditors whose rights are thereby sacrificed and their remedies destroyed. The transfer was illegal also because made in contemplation of insolvency. Those who accomplished it knew that its necessary and inevitable effect would be to, make the corporation unable to pay its debts and must be held to have intended that consequence of their acts. I do not agree to that reading of the statute which limits its prohibition to cases in which payment of some note or obligation has been previously refused. An interpretation so narrow would seriously maim and distort the obvious purpose of the statute and make a transfer, in contemplation of insolvency, good the day before a note matured and bad the day after. As against the creditor the transfer to the Millerton Company was illegal and in fraud of his rights. The assets of a corporation are a trust fund for the payment of its debts upon which the creditors have an equitable lien both as against the stockholders and all transferees, except those purchasing in good faith and for value. (*Bartlett* v. *Drew*, 57 N. Y. 587 ; *Brum* v. *Ins. Co.*, 16 Fed. Rep. 143 ; Morawetz on Corporations, § 791.) The Millerton Co. was not such a purchaser. It parted with nothing. It knew and participated in the illegal purpose to destroy the National Company, to make it utterly insolvent, and to deprive its creditors of the trust fund upon which they had a right to rely, and so they were at liberty to set aside the transfer so far as it barred their remedy, and to enforce their equitable lien upon the property in the hands of the transferee.

It is not a sufficient answer to say that the transfer was rather formal than real, because before its occurrence the Millerton Co., having the same stockholders and officers, managed and conducted the business of the National Company before the transfer, as well as after, and that what occurred was a practical consolidation. Companies may consolidate, but under the permission and safe-guards of the statute, all of which were disregarded, and what is called the formal trans-

action cuts off and destroys the right of the creditor, and is being used for that exact purpose.

Neither is it an answer to say that the creditor is not harmed by a change of the party liable to pay, unless there be some disproportion in the assets. He cannot be forced to change his debtor against his will, and it appears in the proof that the transfer to the Millerton Company was followed by a mortgage sweeping in to its lien and peril the very property transferred.

We are satisfied, therefore, that the plaintiff was entitled to judgment of sequestration and for a receiver, and so the order of the General Term was right. The judgment obtained by Chapman is not a bar to the remedy. It is not relied upon for that purpose, and the appointment of the receiver was without notice to the attorney-general, as the law required. (Laws of 1883, chap. 378.) In the present case the plaintiff must give such notice when he applies for the appointment.

The rights of the mortgagee, who is the present appellant, need not now be accurately determined. Whether that mortgage was valid at all for want of proper consents, or whether any of the bondholders have acquired equities superior to those of the plaintiff, may or may not become questions in the future. Enough appears to show that some of them do not stand in the attitude of *bona fide* creditors, and that the remedies of all may be confined to the property of the Millerton Company not derived from the National, until at least the former is exhausted. Those questions, however, may be left to the developments consequent upon further proceedings.

The order of the General Term should be affirmed and judgment absolute for the plaintiff be rendered upon the stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.