(15 App. Div. 29.)

## FERNSCHILD v. D. G. YUENGLING BREWING CO.

(Supreme Court, Appellate Division, Second Department. March 9, 1897.)

CONTRACTS—CONSTRUCTION—ASSUMPTION OF INDEBTEDNESS.

A corporation was formed as a reorganization of another. It authorized the purchase of the old company's property. A bill of sale of the property was made, which provided that the new company should assume all the debts of the old, except certain bonds and claims. Thereupon a resolution was adopted accepting the bill of sale, and agreeing to assume "all" the liabilities of the old company. *Held*, that the obligation of the new corporation was created by its purchase, and not by the resolution of acceptance, and that, therefore, it was not liable for the bonds excepted by the bill of sale. Goodrich, P. J., dissenting. 40 N. Y. Supp. 1119, reversed. 38 N. Y. Supp. 119, affirmed.

Appeal from appellate term.

Action by William Fernschild against the D. G. Yuengling Brewing Company on bonds executed by the D. G. Yuengling, Jr., Brewing Company. Appeal transferred from the First to the Second department. From a judgment in favor of plaintiff (40 N. Y. Supp. 1119) reversing an affirmance of a judgment by the city court of New York (38 N. Y. Supp. 119), defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Louis Marshall, for appellant.

George P. Hotaling, for respondent.

WILLARD BARTLETT, J. The defendant, the D. G. Yuengling Brewing Company, came into existence in 1893, as the result of a reorganization of a pre-existing corporation known as the D. G. Yuengling, Jr., Brewing Company. The plaintiff was the holder of two $1,000 bonds of the old corporation, and he brought this action against the new corporation to recover the amount of these securities, with interest, on the ground that the new corporation, in an agreement with the old one for the purchase of certain of its assets, assumed the indebtedness due to the plaintiff upon the bonds in suit. The defendant prevailed at the trial term and in the general term of the city court of New York, where it was held that the assumption clause in the bill of sale, whereby the new corporation acquired the assets aforesaid, expressly excluded such bonds as those belonging to the plaintiff, and that the bill of sale was not affected in this respect by a resolution of the directors of the new corporation, indicating their intention to assume a broader liability. The appellate term, however, which has succeeded the court of common pleas as the reviewing tribunal in cases from the city court, was of the opinion that this resolution, rather than the bill of sale, should control, and hence that the plaintiff was entitled to judgment, inasmuch as the resolution was equivalent to an agreement to pay his bonds. The facts are so fully stated in the opinions in the city court and appellate term that no further statement of them is necessary here. Fernschild v. Brewing Co., 16 Misc. Rep. 278, 38 N. Y. Supp. 119; Id., 40 N. Y. Supp. 1119.

The attempt of the old corporation to transfer the property specified in the bill of sale to the new corporation in such a way as to de-

prive the nonassenting bondholders of their equitable lien upon it appears to have been unlawful as to the creditors of the old corporation whose claims remained unpaid.   Cole v. Iron Co., 133 N. Y. 164, 30 N. E. 847.   But the plaintiff is not attacking that transfer in this suit.   Here he is seeking to enforce a contract which he alleges was made for his benefit by the new corporation.   That contract, he says, was, in substance, an agreement to pay the bonds of the old corporation which he holds.   The material inquiry, therefore, is, what were the terms of the contract between the old and the new corporation upon which the plaintiff thus relies, and what are the obligations of the new corporation thereunder?   The agreement was effected by means of the acceptance by the new corporation of a bill of sale from the old corporation.   The new corporation did not execute this bill of sale as a party thereto.   It became obligated thereunder solely by reason of accepting the same, and acquiring the property which the instrument conveyed.   Its obligation was entirely similar in character to that of a grantee of real estate who accepts a conveyance stating that he is to pay off an incumbrance on the property.   In such a case, although he has not joined in the execution of the deed himself, he is nevertheless just as much bound to pay the incumbrance as though he had.   Belmont v. Coman, 22 N. Y. 438; Spaulding v. Hallenbeck, 35 N. Y. 205.   The bill of sale thus accepted by the new corporation declares that it (the party of the second part) "doth hereby covenant and agree that, in consideration of said transfer as aforesaid, it will assume and doth assume the payment of all the debts and obligations of the party of the first part [the old corporation], *excepting the mortgage bonds of said party of the first part, and excepting all other indebtedness otherwise provided for in a certain plan or agreement of reorganization* of the said party of the first part, pursuant to the terms of which the party of the second part was organized."   The exception in this assumption clause, which I have placed in italics, was plainly intended, I think, to exclude such bonds as those of the plaintiff.   The learned counsel for the respondent argues that the words "otherwise provided for" may be construed as qualifying "mortgage bonds," and that, inasmuch as the plaintiff's bonds had not been otherwise provided for at all, they were not excepted from the indebtedness which the new corporation undertook to pay.   This is a forced construction of the language, however, and so manifestly so that I do not think we should be justified in adopting it, even by reason of the preference which the courts are required to give to an interpretation which will render a transaction valid, rather than unlawful.   Under the terms of the bill of sale, then, if I am correct in the view that the clause above quoted excluded the plaintiff's bonds from the beneficial operation of the instrument, a simple acceptance thereof would not bind the new corporation to pay those bonds.   The measure of the obligation of the old corporation, which had not joined in the execution of the document, was expressed in the written statement of the new corporation's undertaking, contained in the bill of sale itself.   The defendant's obligation thereunder could be extended only by some valid modification of the contract which arises in such a case out of the delivery of the

instrument of transfer on the one hand and its acceptance on the other.

It is said, however, that the act of acceptance here was not unqualified, but that the old corporation, having withheld the delivery of the bill of sale until the new corporation would consent and agree to assume all its debts, only finally delivered the instrument after such consent and agreement had been made by means of the adoption of a resolution of the defendant's board of directors assuming all such debts. This resolution, though it appears upon the minutes of the defendant, is in no sense a written modification of the bill of sale. It is merely written evidence of the action which was taken by the board of directors with reference to the acceptance of that paper. The underlying question is whether the contract to assume and pay implied from the acceptance of such an instrument of transfer—that is, to assume and pay in accordance with the express terms of the conveyance itself—can be enlarged by parol so as to bind the transferee to assume and pay a greater indebtedness. If the obligation can thus be increased in such a case as this, why not in the case of a conveyance stating that the grantee assumes and agrees to pay all of several specified incumbrances upon the land except one? Would it be permissible to show that when he took the deed the grantee said he would disregard the exception, and pay all the incumbrances? Clearly not, I think. A deed containing covenants to be performed by a grantee who has not executed it, but who has accepted it, is to be deemed an agreement made by him, so far as those covenants are concerned. See Dock Co. v. Leavitt, 54 N. Y. 35, 42. The same rule must apply to a written transfer of personal property in which are expressed engagements to be performed by the transferee. After acceptance, the latter is to be regarded as having become a party to the writing. It expresses the engagement, and the whole engagement, of both parties; and neither can vary it by parol. If I am right in this, the terms of the bill of sale in the case at bar must control, and the parol transactions between the parties in reference to the assumption of a greater liability by the new corporation than is provided for in that instrument must be looked upon as negotiations for a modification of the bill of sale, which did not ultimately enter into any written contract between them.

In my opinion, the judgment of the appellate term should be reversed, and the judgment of the city court should be affirmed, with costs to the defendant.

All concur, except BRADLEY, J., who concurs in the result, and GOODRICH, P. J., who reads for affirmance. Leave granted to plaintiff to appeal to the court of appeals, if he so desires.

GOODRICH, P. J. (dissenting). I cannot concur in the opinion of Mr. Justice BARTLETT, and on the following grounds:

Starting with the proposition laid down by him that the transactions connected with the reorganization were a fraud on the plaintiff (Cole v. Iron Co., 133 N. Y. 164, 30 N. E. 847), it is possible (except for resort to an action to set aside the transfer) that the proceedings will result, as it was intended they should, in destroying the value of

the plaintiff's bonds, unless the judgment of the appellate term of the First department is affirmed.   A court is never swift to search for reason to reverse a judgment, or apply the hardest rules of law, where this will result in manifest injustice.   The opinion of Mr. Justice BARTLETT proceeds on the theory that the bill of sale is the final transaction between the parties, and the only instrument to be resorted to, to enable us to decide whether the defendant has assumed and agreed to pay the outstanding bonds held by the plaintiff; and that this bill of sale, by its express terms, excepts "the mortgage bonds" of the old corporation from the assumption of liability by the defendant corporation.   It is not entirely clear to my mind that we are bound to hold that the mortgage bonds of the exception are those of the second mortgage which secured the bonds of the plaintiff.   It appears that there was a first mortgage with bonds; that proceedings had been taken to foreclose both mortgages; and while it appears affirmatively that a judgment had been entered in the action to foreclose the second mortgage, under which the premises covered by both mortgages had been sold, and bought in by Mr. Untermyer, in the interest of the reorganization committee, it does not appear that the foreclosure action on the first mortgage had proceeded to judgment. I find corroboration of this in the fact that the agreement of reorganization shows that there were at that time other "existing mortgages" of the old company, and authorized the committee to procure their extension.   A similar reference is made in the same agreement, where it recites that Untermyer had purchased the property for $20,000 "over and above the prior incumbrances."   These provisions seem to me to explain and define the words of the bill of sale, "excepting the mortgage bonds" of the old company, and to show that the bill of sale is not inconsistent with, and was not intended to abrogate, the agreement to assume the payment of all the debts of the old company. Most of the holders of the bonds of the second mortgage had assented to the plan of reorganization, deposited their bonds with the committee, and united in the proceedings for foreclosure.   Even conceding that the bonds of the assenting holders have merged in the judgment, which is not clear, it is certain that the rights of the plaintiff as a nonassenting holder were not affected by the foreclosure, and that his bonds were still outstanding when the bill of sale was delivered.

If the bill of sale were not in evidence, there is other evidence sufficient to justify a holding that the defendant had assumed and agreed to pay the plaintiff's bonds.   The reorganization committee made its report to a meeting of the board of directors of the defendant on December 27th.   This report was also affirmed at a subsequent meeting. The report stated that Mr. Untermyer had not acquired certain assets of the old corporation by the foreclosure, and that the committee had procured a bill of sale of these assets to the defendant, to the end that the defendant was to "be vested with all the property * * * of the D. G. Yuengling, Jr., Brewing Company, and assume all its debts and obligations, so that the former company [the defendant] shall in all respects stand in the place of and be successor to, as far as may be, the same corporate body as the last-mentioned company.   The said bill of sale will be delivered only on the assumption by the new com-

pany of all said debts and obligations." The committee orally stated the same fact; i. e. that the defendant was to assume all the debts of the old corporation in addition to those specified in the agreement of reorganization. This report was entered in full on the minutes, and the directors adopted a resolution:

"Resolved, that this company assume all the debts, obligations, and liabilities of every kind and description of the D. G. Yuengling, Jr., Brewing Company, in addition to the bonds and other obligations mentioned in the agreement of reorganization, and thereby provided to be assumed by this company; and that in return for and as a consideration of the assumption of said debts, obligations, and liabilities this company accept from said D. G. Yuengling, Jr., Brewing Company the bill of sale; * * * the import hereof being * * * to assume all the obligations and debts of that company, so that this company shall in all respects stand in the place of, and be the successor of, and, so far as may be, the same corporate body as, the said D. G. Yuengling, Jr., Brewing Co."

Turning now to the bill of sale, we find that it was given "in consideration of one dollar, lawful money of the United States, and other good and valuable consideration." What was such "other good and valuable consideration"? I think it is clear that it was the assumption by the defendant of the debts of the old corporation, among which was the debt to the plaintiff. The reports of the committee, both written and oral, the resolution, and bill of sale all declare that the purpose of the transaction was to make the new corporation the same corporate body as the old, so far as might be, and to make it succeed to the old corporation; and that the new corporation was to stand in all respects in the place of the old. Can it be contended that if this was a suit against the old corporation the action could not be maintained; or that if it had in hand the assets which, by the plan of reorganization, were transferred to the defendant, the plaintiff, with his judgment, could not reach the assets thus transferred in violation of his rights? We are also at liberty to resort to the surrounding and contemporaneous circumstances. In the recent case of Davenport v. Morrissey (decided at the present term of this court) 44 N. Y. Supp. 29, Mr. Justice Cullen, writing the opinion of the court, cited as ground for the decision a part of the following language of the court of appeals in Schoonmaker v. Hoyt, 148 N. Y. 425, 42 N. E. 1059:

"If the words employed convey a definite meaning, and there is no contradiction or ambiguity in the different parts of the same instrument, then the apparent meaning of the instrument must be regarded as the one intended. In construing a written instrument, it may be read in the light of surrounding circumstances, in order to more perfectly understand the intention of the parties; and when it is thus discovered it should control."

I believe that the three instruments—report, resolutions, and bill of sale—are contemporaneous writings, part of one plan, and to be construed together; and that they form an agreement to assume the payment of the plaintiff's bonds, within the principle laid down in Lawrence v. Fox, 20 N. Y. 269. As if this were not enough, the new mortgage of the defendant recites the report, resolution, and bill of sale, and repeats the very language, referring to the intent of the old company and the defendant in the transaction as above set forth. It is not impossible, moreover, that the committee and the directors were aware of the indefensible character of their attempt to defeat the

claim of the old and nonassenting bondholders, and were preparing a shield against expected attack, under which they might assert, in defense of any action brought by these bondholders, the provision that the new corporation had assumed the payment of the plaintiff's claim; and I am fortified in this belief by the conclusion expressed in the learned opinion of the appellate term:

"In our view, it is clear that the defendant intended to bind itself for the payment of the indebtedness upon these outstanding bonds, such being the condition upon which a transfer of the assets in question was finally made. The final resolution is unmistakable in its terms, and from the proceedings leading up to that resolution we find the explanation of the inconsistency appearing in the former bill of sale."

The opinion of Mr. Justice BARTLETT refers to the case of Cole v. Iron Co., supra, as authority that the transfer was a fraud upon the creditors of the old corporation, but says that this is not a suit to set aside the transfer.    I cannot see that this distinction of remedies is a bar.    The plaintiff, with the judgment of the appellate term and execution thereon, can reach the assets of the defendant, and the same result with much greater circumlocution could be accomplished by the action referred to.    The transfer was unlawful, and the defendant should not be permitted to set up any part of its illegal actions to defeat the equities of the plaintiff.

The judgment of the appellate term should be affirmed, with costs.