(37 Misc. Rep. 490.)

## KLEIN v. EAST RIVER ELECTRIC LIGHT CO. et al.

(Supreme Court, Appellate Term.    March, 1902.)

JUDGMENT BY DEFAULT—ANSWER.

An electric light corporation, after suit brought, was consolidated with another corporation of the same character. The latter corporation was not substituted as defendant, but answered the amended complaint, and its verified answer was accepted and retained by the plaintiff until the trial. *Held*, that he could not then have judgment on the theory that there was no answer before the court.

Appeal from city court of New York, general term.

Action by Frederick Klein against the East River Electric Light Company and the Manhattan Electric Light Company. From a judgment of the general term affirming a judgment for plaintiff, defendants appeal. Reversed.

See 67 N. Y. Supp. 922.

Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

Beardsley & Hemmens (Charles I. Taylor, of counsel), for appellants.

Dittenhoefer, Gerber & James (David Gerber, of counsel), for respondent.

GREENBAUM, J.   This action is brought to recover the sum of $150 upon certain interest coupons detached from bonds originally issued by the defendant East River Electric Light Company, which thereafter changed its name to the Thomson-Houston Electric Light Company.   At the time this action was commenced, the Thomson-Houston Electric Light Company had gone out of existence, having been succeeded by and merged into the Manhattan Electric Light Company.   Pending this action, and prior to the service of an amended complaint herein, the Manhattan Electric Light Company went out of existence, and became merged into the Edison Electric Illuminating Company.   The answer to the amended complaint was thereupon made by the Edison Electric Illuminating Company, as successor of the Manhattan Electric Light Company, and duly verified by the treasurer of the Edison Company, and accepted without objection by the plaintiff's attorneys.   When service of the amended complaint was made upon defendants' attorneys, they stipulated with plaintiff's attorneys that when answer was served the issue was "to remain as of original date, without prejudice to the position of the case upon the calendar," and that "neither side shall be required to serve a new notice of trial."   The case was reached for trial, and the defendants' attorneys moved to have the case stricken from the calendar, inasmuch as "amended pleadings were served, and after they were served no new note of issue was filed, and no new notice of trial was served by either party."   The motion was denied, and defendants excepted.   This court will not interfere with the calendar practice of the lower court, and besides it scarcely lies with the defendants to raise this objection in view of the stipulation signed by their attorneys.   Plaintiff's attorneys thereupon moved for judgment upon the ground that the answer to the amended complaint was by the Edison Electric Illuminating Company, not a defendant in this action, not sued here, and is verified

by some officer of the Edison Electric Company, and "that there is no answer here whatever." The motion was granted, the trial judge holding that "there is no answer here on behalf of the defendants named in the complaint," and then directing a verdict for the plaintiff, under objection by the defendants' attorneys and exception duly taken. Defendants' attorneys also asked for leave to interpose a proper answer, and for the withdrawal of a juror, but both requests were denied. At the threshold of the consideration of the appeal it is apparent that, if the answer served by the Edison Company was equivalent to no answer, then judgment in the case should have been entered as upon a default of answer. In this aspect the case had no place upon the trial calendar. It is well settled that the effect of a merger is to dissolve the previous corporation into the new one, and to extinguish the precedent company. Copp v. Iron Co., 29 Misc. Rep. 109, 60 N. Y. Supp. 293; People v. Rice, 57 Hun, 486, 11 N. Y. Supp. 249, affirmed 128 N. Y. 591, 28 N. E. 251. The entities of the former corporation had, when the answer to the amended complaint was served, been extinguished, and the Edison Electric Illuminating Company, under the business corporation law (section 12), was liable for all obligations "for any money due or to become due to any person or persons" by the corporation named in the summons in this action. Section 12 of the business corporation law also provides that the new corporation may be "substituted as a party in place of any corporation so consolidated, by order of the court in which such action or proceeding may be pending," or "it may be prosecuted to final judgment, as though no consolidation had been entered into." The law has provided for a simple method for prosecuting or defending in cases of consolidation of corporations. The defendant should have followed the proceeding outlined by law, and the plaintiff, if he desired to take advantage of defendants' error or neglect in complying with the provisions of the law, should have refused to receive the answer from the Edison Electric Illuminating Company. By retaining the answer of the Edison Company, the plaintiff should be deemed to have waived any objection to its having been made a party not named in the summons. It certainly was not just to the defendants to retain the answer, and then claim no answer had been served. If this judgment was permitted to stand, no opportunity would be afforded the defendants to defend. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.