(90 App. Div. 92.)

KLEIN v. EAST RIVER ELECTRIC LIGHT CO. et al.

(Supreme Court, Appellate Division, First Department. January 15, 1904.)

1. CORPORATIONS — BONDS—INTEREST COUPONS—LIABILITY—EVIDENCE—SUFFICIENCY.

In an action on interest coupons detached from mortgage bonds executed by defendant's predecessor in interest, admissions in defendant's original answer that it was the lawful successor of the issuing company, and had acquired its properties, subject to the mortgage, and payment by it of the said bonds and coupons, and that it and its predecessor companies are and have at all times been ready and willing to pay the face of the coupons, but alleging that the same had not been presented, ex-

cept with a demand for interest, when taken together with letters of defendant's attorneys advising payment of the coupons, and the fact that liability was recognized by payment of all the coupons detached from the bonds, except those in suit, were sufficient to establish a prima facie case.

**2. TRIAL—SUFFICIENCY OF EVIDENCE—SUPPORT OF VERDICT.**
Evidence establishing a prima facie case is sufficient to support a verdict, when not opposed by controverting evidence from defendant.

**3. CORPORATIONS—ORGANIZATION—ASSUMPTION OF DEBTS—EVIDENCE—ARTICLES OF INCORPORATION.**
That the articles of incorporation of a company show that it was planned pursuant to a previous agreement or plan to organize the company, and purchase the assets sold under foreclosure of another company, and issue stock for various purposes, among which the assumption of the debts or obligations of the former company was not included, is not conclusive of the terms of said agreement, and does not control on the issue as to whether the corporation assumed certain obligations of the former company.

**4. SAME—REORGANIZATION—POWERS.**
Under Stock Corporation Law (Laws 1892, pp. 1825, 1826, c. 688) §§ 3, 4, providing for the reorganization of corporations upon sale of their corporate property or franchises by virtue of a mortgage or trust deed, and that the purchasers, previous to the sale, may arrange a plan of reorganization for the readjustment of the respective interests of creditors, mortgagees, and stockholders, the plan of reorganization may provide for the assumption of indebtedness of the old company by the new.
Ingraham and McLaughlin, JJ., dissenting.

Appeal from Appellate Term.

Action by Frederick Klein against the East River Electric Light Company and others. From a determination of the Appellate Term affirming a judgment of the General Term of the City Court, which affirmed a judgment of the Trial Term of said court for plaintiff, defendants appeal. Affirmed.

See 75 N. Y. Supp. 1000.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Henry J. Hemmens, for appellants.
David Gerber, for respondent.

O'BRIEN, J. The action was brought to recover upon five interest coupons, of the sum of $30 each, detached from bonds issued by the defendant the East River Electric Light Company, which was organized in 1887. In 1892 its name was changed to The Thomson-Houston Electric Light Company. The assets of this company were sold upon a mortgage foreclosure in December, 1894, and subsequently purchased by the Madison Square Light Company. The latter company had been organized in December, 1894, pursuant to an agreement or plan dated September 25, 1894. In August, 1896, the Madison Square Light Company was consolidated with the Manhattan Electric Light Company, which is the company upon which the original summons and complaint herein were served. An answer was interposed by it, and thereafter the Manhattan Company became merged in the Edison Electric Illuminating Company. An amended complaint was served, to which an answer was interposed for the defendant the

Manhattan Electric Light Company "by its successor, the Edison Electric Illuminating Company." When the case was reached for trial the plaintiff moved for judgment upon the ground that the answer of the Edison Company was not an answer on behalf of the defendants named in the complaint, which motion was granted, and a verdict directed for the plaintiff. From the judgment thereupon entered an appeal was taken, which resulted in a reversal; the case being sent back, so that the jury could pass upon the defendant's liability. 37 Misc. Rep. 490, 75 N. Y. Supp. 1000. Upon the new trial the jury returned a verdict for the plaintiff for the full amount ($276), and from the judgment thereupon entered the defendants appealed first to the General Term of the City Court, which affirmed the judgment of the Trial Term, and then to the Appellate Term, and from the judgment and order affirming the General Term judgment this appeal is taken.

The issue as originally presented related solely to the question of whether or not interest should be allowed on the coupons; it being conceded, as shown not alone by the letter of the attorneys, but by the admissions contained in the original answer, that no point was made but that the defendant was liable for the principal amount represented by the coupons. It was only in the amended answer that the defense was interposed denying that the coupons were payable, and averring that they were void, and not issued for a valuable consideration, and never became independent negotiable instruments, and that while the bonds were in the possession of the East River Company the coupons became due, and were detached, if at all, by said owner prior to the time when said bonds were sold or negotiated by it, and that the plaintiff is not an owner or holder for value before maturity, and payment has never been demanded, except with demand for interest. With respect, however, to the liability of the defendant for the principal amount represented by the coupons, we have in the original answer the following significant admissions:

"Defendant, further answering, admits that it was and is the lawful successor of the East River Electric Light Company, and that it acquired its franchises and properties subject to the said mortgage, and the payment by it of the said bonds and coupons. Defendant, further answering, denies that it has knowledge or information sufficient to form a belief that plaintiff is the holder and owner of the coupon which was issued and attached to one of said bonds, to wit, No. 154, wherein and whereby the said East River Electric Light Company promised and agreed to pay to bearer or the holder of said coupon on the first day of September, 1888, thirty dollars in gold coin of the United States, at the office of the treasurer of the said company, in the city of New York, being six months' interest on its first mortgage bond, or that the bond therein referred to was one of the series of first mortgage bonds thereinbefore referred to. Defendant, further answering, denies that when the said coupon became due and payable the East River Electric Light Company or its successor companies failed and neglected to pay the same. Defendant, further answering, denies that the said coupon was duly presented for payment at the place therein named as the place of payment, and payment thereof refused. Defendant, further answering, denies that the defendants have failed or refused to pay the said coupon, or any part thereof. Defendant, further answering, denies that the whole amount of said coupon, to wit, $30, is due and owing from the defendant to the plaintiff, with interest. Defendant, further answering, alleges that it, as the successor of the said East River Electric Light Company, and its said predecessor companies, were, are, and have been at all times ready and willing to pay the amount of said

coupon to the lawful owner and holder thereof, when presented; that the same never has been presented for payment, or payment thereof demanded, except when accompanied with a demand for interest, which said demand has been refused, but defendants have at all times been ready and willing to pay the face of the said coupon, and still are ready and willing to pay the same."

The plaintiff therefore alleges, as against the defendant sought to be held, that the latter acquired the franchises and property of the East River Company, and assumed the payment of the bonds and coupons which were secured by a mortgage thereon; and we have in the answer the express admissions, as already pointed out, that such defendant alleges that they "were, are, and have been at all times ready and willing to pay the amount of said coupon to the lawful owner thereof, when presented; that the same never has been presented for payment, or payment thereof demanded, except when accompanied with a demand for interest, which said demand has been refused, but the defendants have at all times been ready and willing to pay the face of the said coupon, and still are ready and willing to pay the same." We thus have, in support of the plaintiff's case, as pointed out by the respondent:

"First, the sworn admission in the original answer of the Manhattan Company that it did assume the payment of the bonds and coupons issued by the East River Company under its mortgage to the Knickerbocker Trust Company; second, a sworn declaration that it was ready and willing to pay the principal of the coupons in suit, but simply objected to its liability for interest thereon; third, the letter of the attorneys of the company advising the payment of these coupons; fourth, the recognized liability of the Manhattan Company, indicated by its payment of every coupon detached from the bonds of the East River Company down to the commencement of this action, February, 1900, excepting only the five in suit."

We think that, taking into consideration all these facts, there was made out a prima facie case; and, assuming that the plaintiff has made out a prima facie case, there is sufficient to support the verdict of the jury, because it will be noticed that the defendant did not meet it, nor did it put in any evidence to destroy the effect of the inferences which might have been drawn from the testimony as presented by the plaintiff favorable to his contention. In other words, the defendant relied upon the weakness of the plaintiff's case rather than upon any defense which it attempted to support by evidence. This is significant, because, with respect to the question of whether the Manhattan Company did or did not assume the payment of these coupons, we have the allegation by the plaintiff to that effect; and though it was made to appear that an agreement or plan of organization was entered into in September, 1894, in pursuance of which the Madison Square Light Company was to be incorporated, and to acquire the assets of the Thomson-Houston Electric Light Company, the successor of the East River Electric Company, and did thereafter acquire them, and that the Madison Square Light Company was subsequently consolidated with the defendant the Manhattan Electric Company, the latter company studiously avoided producing upon the trial such agreement. It is fair to assume that, if produced, it would not have been unfavorable to the plaintiff's contention that there was in its provisions an express assumption of the debts of the prior company, which upon the foreclosure was brought to a termination. It is

true that there were introduced upon the trial the articles of incorporation of the Madison Square Light Company, and that therein it is stated that pursuant to the agreement of September 25, 1894, it was planned to organize such company, and purchase the assets sold under the foreclosure sale of the Thomson-Houston Company, and issue stock for various purposes, and such purposes, as set forth, do not include payment or assumption of any debts or obligations of the East River Company, secured or unsecured. These articles do not, however, stand in the place of the agreement, and are not conclusive as to its terms, and hence are not controlling. It was entirely proper for the new company to have assumed the indebtedness in its plan of organization. By section 3 of the stock corporation law (Laws 1892, p. 1825, c. 688), provision is made for the reorganization of a corporation upon a sale of its corporate property and franchises by virtue of a mortgage or deed of trust; and section 4 (page 1826) provides that the purchasers at or previous to the sale may arrange a plan of reorganization for the readjustment of the respective interests of creditors, mortgagees, and stockholders. Just what terms, if any, were made for the assumption of outstanding debts and obligations, the agreement or plan of organization would have shown; but, as stated, the defendant failed to produce this upon the trial. Apart, however, from such agreement, and the inferences to be drawn from its absence, we think that the plaintiff made out a prima facie case sufficient to support the verdict.

It follows that the determination appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and HATCH, J., concur.

INGRAHAM, J. I do not concur in the affirmance of this judgment. The coupons in question had been detached from the bonds before delivery; and after they were detached, and before September 12th, when they became due, they were delivered to Wm. H. Kelly for value. As they were thus detached from the bonds before delivery by the obligor, they never represented interest on the bonds, and were not, therefore, secured by the mortgage which secured the payment of the bonds and interest. When issued for value by the obligor, however, they became, in the hands of a holder for value, obligations of the company, and, if not paid, could be enforced by the usual methods. The defendant the Manhattan Company, having acquired the property of the East River Company subject to the first mortgage, while under no legal obligation to pay the bonds and coupons representing interest thereupon, was compelled to pay them to avoid a foreclosure of the mortgage which secured these bonds and interest. The coupons in question, however, having been detached before the bonds were issued, had no relation to the bonds, did not represent interest on them, and were therefore simply contract obligations of the East River Company. The original complaint alleged the execution and delivery of the bonds by the East River Company; that there were annexed to the bonds the coupons in question; that the Manhattan Company became the successor of the East River Com-

pany, and· acquired its properties subject to the mortgage, and the payment by it of the said bonds and coupons; and, after setting out the coupons sued on, it alleged that the Manhattan Company "is ready and willing and has promised and agreed to pay the principal of said coupons, to wit, thirty dollars, but declined to pay interest thereon." The fact that the Manhattan Company had acquired the franchise and property of the East River Company, subject to the payment of the bonds and coupons, and was ready and willing to pay the coupons, imposed no legal obligation, unless it had, by a valid agreement, based upon a consideration, assumed the payment of the obligations of the East River Company. Fernschild v. Yuengling Brewery Co., 15 App. Div. 29, 44 N. Y. Supp. 106, affirmed in 154 N. Y. 667, 49 N. E. 151. And the only allegation in this complaint which would impose such an obligation is that which alleged that the Manhattan Company had promised and agreed to pay the principal of the coupons. The defendant the Manhattan Company interposed an answer in which it admitted that, as the successor of the East River Company, it was at all times ready and willing to pay the said coupons to the lawful holder thereof when presented, and still is ready and willing to pay the same, and did not either admit or deny the allegation of the complaint that it had promised and agreed to pay the coupons. Subsequently the Manhattan Company consolidated and became merged with the Edison Electric Illuminating Company, and after such consolidation the plaintiff served an amended complaint containing the same allegations as to the Manhattan Company. The defendant interposed an answer to the amended complaint, in which it denies the allegation that the Manhattan Company was the lawful successor of the East River Company, and that it was ready and willing to pay these coupons, or had ever promised and agreed to pay them. Upon the trial, to prove the allegation that the Manhattan Company had agreed to pay these coupons, plaintiff introduced the original answer of the Manhattan Company, with a letter of the attorney of the company. At the close of the case the defendant moved to dismiss the complaint upon the ground, among others, that there was no evidence that the Manhattan Company had ever assumed the payment of these coupons, or agreed to pay them. This was denied upon the ground that the admission in the first answer was evidence of such an agreement, and that question was left to the jury, who found a verdict for the plaintiff.

I think the complaint should have been dismissed. The original complaint had alleged that the coupons sued on were attached to the bonds and were secured by the mortgage, and that the Manhattan Company was ready and willing, and had promised and agreed, to pay them. The answer admitted that the company was ready and willing to pay the face value, but that was not an admission of a legal liability to pay—much less, an admission of an express promise to pay. There is no affirmative allegation in that answer which could be construed to be an admission or declaration that any such engagement or promise existed. The failure in that answer to deny the allegation of such an express agreement in the complaint prevented the defendant from disputing that allegation, so long as that answer stood as a

pleading in the case; but when the plaintiff served an amended complaint, and the defendant interposed its answer thereto, the answer to the original complaint was superseded. While a statement of fact in the answer was evidence of the fact alleged as a declaration of the defendant, it has never been held that the mere omission to deny an allegation was an admission of its truth, except so far as, upon the trial of the action in which the answer failing to deny the allegation had been interposed, the defendant was precluded from questioning the truth of the allegations to which there was no denial. In Dale v. Gilbert, 128 N. Y. 625, 28 N. E. 512, it is said:

"In this respect it is like an admission in a pleading. While the admission remains, evidence is not admissible to show that the party does not rely upon it. It is an admission of record, and is conclusive. If the pleading be amended by striking out the admission, the truthfulness of the admission is still a question, when proven to have been made; but it is not conclusive upon the party who made it, and he may give evidence to show that it was made inadvertently and mistakenly, and then the jury must decide whether, on the explanation, it be correct."

See Paige v. Willet, 38 N. Y. 28.

The mere failure to deny an allegation in the complaint, however, is not such a declaration of a fact as to be admissible in another action between the same parties, or in the same action in which the pleading has been superseded by an amendment, to prove the existence of the fact.

The defendant has made no declaration or statement which admits that it had promised and agreed to pay these coupons, and the plaintiff's right to recover depends entirely upon the proof of such an expressed promise by the defendant. The defendant was quite willing to admit that it stood ready and willing to pay all coupons that represented interest upon bonds secured by the mortgage upon its property. When it appeared, however, that these coupons did not represent interest upon bonds secured by a mortgage upon the property, an entirely different question was presented as to its willingness to pay. And the mere fact that the defendant had failed to deny a promise to pay coupons which were alleged to be those representing interest on these bonds, when that issue was presented, was certainly no evidence to show that the defendant had promised and agreed to pay coupons which did not represent interest on bonds secured by mortgage upon its property, but, at most, represented an ordinary contract obligation to pay money of a corporation with which the defendant was not connected, and for the fulfillment of whose obligations it was not responsible.

The only other evidence introduced by the plaintiff which it was claimed tended to show that the Manhattan Company had agreed to pay these coupons was a letter addressed to the company by its attorneys. A witness was called by the plaintiff, who testified that he called upon Mr. Hemmens, one of the defendant's attorneys, with five of these coupons, and received from him a letter addressed to the company. That letter is as follows:

"The bearer Mr. Baltes has five coupons of the East River Electric Company's bonds, which seem to be all right. We advise that they be paid if there is no record that like numbers have already been paid."

This letter was advice given by an attorney to his client, and contained no admission of any fact, except that the bearer of the letter had five coupons which seemed to be all right. The attorney advised the defendant that they might be paid. But that advice was certainly no admission of any contract on the part of the defendant to pay them, and was evidently based upon the fact that these were coupons of the bonds, representing interest thereon. The evidence in the case shows that the presumption was a mistake, and certainly advice given by an attorney to his client, based upon a mistaken fact, is not evidence of any fact.

I think, therefore, that the defendants' motion to dismiss the complaint should have been granted.

But assuming that this answer could be treated as an admission of some legal obligation of the defendant the Manhattan Company to pay these coupons, it was simply an admission which the defendant could rebut. On behalf of the defendant a witness was called who testified that he was auditor of the New York Edison Company; that he was director and secretary of the Manhattan Electric Light Company for four years; that he was a director of the Manhattan Electric Light Company at the time of the consolidation of that company with the Madison Square Company; that the Manhattan Company did not have possession of any of the books of account, ledgers, or any other books formerly owned by the East River Electric Light Company or the Thomson-Houston Electric Light Company. He was then asked, "Did you make any agreement at any time to pay any debts of any other electric light company?" which was objected to as calling for a conclusion. This objection was sustained, to which there was an exception. I think that this was error. The question did not call for a conclusion, but for the fact whether any agreement at any time had been made by the defendant corporation. It was direct evidence to overcome the effect of any alleged admission made by the defendant corporation in its failure to deny the allegation of an agreement or promise to pay. The only way that the defendant could disprove the truth of a statement which was alleged to be an admission of a fact was by direct proof that the fact alleged to be admitted was not true. When the fact alleged to be admitted was that an agreement had been made, it certainly was competent for the corporation whom it was alleged had made such an admission to call its officers with knowledge of the affairs of the corporation, and prove that no such contract or agreement had been made. There was no proof of any particular agreement made at any particular time, and there was no method by which the defendant could prove that no such agreement had been made, except by calling its officers with knowledge of the affairs of the corporation, and offering their testimony that no such agreement had been made. There was no objection on the ground that the witness had no knowledge of the affairs of the corporation, the only objection being that the question called for a conclusion. And as this objection to the question was clearly incompetent, to sustain it was error.

McLAUGHLIN, J., concurs.