(52 Misc. Rep. 214)

### WRIGHT v. GANSEVOORT BANK et al.

(Supreme Court, Special Term, New York County.   December, 1906.)

1. CORPORATIONS—INSOLVENCY—PREFERENCES.

The demand notes of a corporation held by a bank were fully protected by collateral of the president of the corporation and his wife.   On the day before a petition in bankruptcy was filed against the corporation, and while it was insolvent, the notes were paid.   *Held* a preference, within Stock Corporation Law, Laws 1901, p. 970, c. 354, § 48, providing that no payment by a corporation, when insolvent, with intent to give a preference, shall be valid.

2. PRINCIPAL AND SURETY—DISCHARGE OF SURETY—PAYMENT BY PRINCIPAL.

Where a bank held a note of a corporation secured by collateral, and the note was paid by the corporation the day before it filed a petition in bankruptcy, and the payment was set aside as a void preference, the bank was entitled to recover from the indorsers the collateral which it returned to them on the payment of the note.

Action by Edmund Wright, trustee in bankruptcy of W. C. Loftus & Co., against the Gansevoort Bank and others.   Judgment for plaintiff.

James, Schell & Elkins, for plaintiff.
Philip J. Britt, for defendants.

O'GORMAN, J.   This is an action brought by a trustee in bankruptcy to recover moneys paid in violation of section 48 of the stock corporation law (Laws 1901, p. 970, c. 354), which, so far as material, reads as follows:

"No conveyance, assignment or transfer of any property of any such corporation * * * nor any payment made * * * when the corporation is insolvent or its insolvency is imminent with the intent of giving a preference to any particular creditor over other creditors of the corporation shall be valid. * * * Every person receiving by means of any such prohibited act or deed any property of the corporation shall be bound to account therefor to its creditors or stockholders or other trustees."

On December 2, 1903, W. C. Loftus & Co., a corporation, paid $25,-000 to four of its creditors in payment in full of their several claims. Of this amount $15,500 was paid to the defendant Gansevoort Bank in payment of certain demand notes, which were made by the company and previously discounted for its account by the bank.   On the following day a petition in bankruptcy was filed against the corporation, which was thereafter in due course adjudged a bankrupt.   There were 25 other creditors with claims, aggregating $27,000, and the assets coming into the hands of the trustee amounted to $200.   The corporation was undoubtedly insolvent at the time of the payment to the bank, and the sole question to be determined is whether the payment was made "with the intent of giving a preference" to the bank "over other creditors of the corporation."   The notes held by the bank were amply protected by the personal collateral and security of the president of the corporation and his wife.   This collateral and security were returned to them when the notes were paid.   It is clear, therefore, that the defendant acquired no advantage to itself in receiving payment of the notes, since payment could have been obtained on the security which

the bank held. Under the authorities it is quite apparent, however, that a preference is dependent, not upon the position of the favored creditor alone, but upon his position as compared with that of the other creditors. In other words, the test is, not whether the favored creditor has received any advantage, but whether the general creditors have been put at a disadvantage by a payment which reduces or exhausts a fund to which they must look for their payment. The assets of a corporation are a trust fund for the payment of its debts and obligations, upon which its creditors have an equitable lien, both as against the stockholders and all transferees, except those purchasing in good faith and for value. Cole v. M. I. Co., 133 N. Y. 164, 30 N. E. 847, 28 Am. St. Rep. 615. When funds of an insolvent corporation are so distributed as to violate this principle, a preference is effected, and when this is done its inevitable effect is to deprive some creditors of their pro rata share of the assets. It follows that those creditors who are favored at the expense of the other creditors obtain a preference which is condemned by the statute (Salt v. Ensign, 79 Hun, 107, 29 N. Y. Supp. 659; Hilton v. Ernst, 38 App. Div. 94, 57 N. Y. Supp. 908, affirmed 161 N. Y. 226, 55 N. E. 1056; Baker v. Emerson, 4 App. Div. 348, 38 N. Y. Supp. 576), and when a preference is in fact given, with knowledge of insolvency, the intent to prefer is presumed (Cole v. M. I. Co., supra; Collier, Bankruptcy [5th Ed.] 39).

The insolvent condition of the corporation was well known to its officers, and the intention to prefer the bank was doubtless induced by the desire of the president of the corporation to secure the immediate return of the collateral and security owned by him and his wife; but the intent to prefer is not inconsistent with the presence of a personal motive on the part of the officer making the payment. Cole v. M. I. Co., supra; Baker v. Emerson, supra; Keiley v. Bank (Sup.) 15 N. Y. Supp. 173. No matter what the motive, the act was in the highest degree prejudicial to the general creditors, who had a right to rely upon a fair and equitable distribution of the assets of the bankrupt. This was secured to them by the statute now invoked in their behalf; and its purposes, so far as it was designed to afford creditors protection, must be wholly defeated if this payment should be upheld. On the other hand, it may seem inequitable to compel the defendant to return the money which it received on the surrender of its collateral; but the severity of the statute must be corrected by the Legislature, and not by the courts. The defendant, however, is not without redress. The doctrine is well established that, when a creditor receives payment which is subsequently set aside as preferential, he retains all rights against the indorsers, and is entitled to recover the collateral from the indorsers to whom it was returned. Harner v. Batdorf, 35 Ohio St. 115; Swarts v. Bank, 117 Fed. 1–10, 54 C. C. A. 387. I conclude, therefore, that the payment was made with the intent to prefer the defendant, and that it is no answer to the illegality of the preferred payment that the defendant held ample security and consequently derived no advantage from the payment now attacked. If the collateral were the property of the corporation, a different question would be presented. Judgment for the plaintiff.

Judgment for plaintiff.