TESSIE BERWICK,

*vs.*

ASSOCIATED GAS & ELECTRIC COMPANY, ASSOCIATED GAS & ELECTRIC CORPORATION, JOHN I. MANGE, HOWARD C. HOPSON, SANFORD J. MAGEE, JOHN M. DALY, HENRY D. FITCH, FREDERICK T. HEPBURN, WILLIAM M. BUSCHBAUM, CHARLES W. BEALL, DANIEL STARCH, W. EUGENE MCGREGOR, ASSOCIATED GAS & ELECTRIC SECURITIES COMPANY, INC.

*New Castle, July 13, 1934.*

*John Biggs, Jr.,* and *Stewart Lynch,* of the firm of Biggs, Biggs & Lynch, for complainant.

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for demurring defendants and the New York corporation.

THE CHANCELLOR: That the New York corporation is beyond the jurisdiction of this court and there is no way to force its appearance, is plain. Its motion that the bill against it be dismissed should be granted. No objection to the motion has been presented by the complainant.

Should the demurrer be sustained? As to some phases of the bill, unquestionably it should. There are three principal features to the bill. The demurrer in its relation to each of them will now be examined.

1. The bill seeks to avoid the transfer of assets by the New York corporation to the Delaware company and compel the restoration of the *status quo ante.* It is too clear for discussion that the New York corporation is an indispensable party if that phase of the case is to proceed to a decree. The dismissal of the bill against the New York corporation because of its refusal to submit to the jurisdiction reveals the futility of further retaining before the court that phase of it which is concerned with the retransfer of the assets.

2. The bill seeks to enjoin any exchange of securities in furtherance of New York corporation's recapitalization or readjustment of its debenture indebtedness. How the complainant can be injured by the exchanges which other debenture holders might elect to make, it is impossible to see. To the extent that exchanges are made the corporation and consequently the complainant will be benefitted. The plan so far as I can discover does not purport to force anything upon the complainant. So far as the plan *per se* is concerned the complainant's status remains unaltered.

3. What, if anything, has altered the situation of the complainant is the circumstance that some time prior to 1932, New York corporation transferred to the Delaware corporation what appears to have been all of its substantial assets without consideration. The bill alleges in substance that the assets were given away, leaving the New York corporation in a condition of insolvency. On demurrer the allegation must be taken as true. Under the trust fund doctrine, regardless of differences among the authorities as to the full extent of its implications, it is agreed by the decided weight if not by all of the comparatively recent authorities, that if all of a corporation's assets are disposed of without consideration or distributed among its stockholders, a creditor of the corporation is entitled to pursue those assets on the theory that the assets to which he was entitled to look for satisfaction have gotten into other hands under such circumstances as to warrant the view that in equity they are burdened with a lien in his favor. The Supreme Court of this State in a dictum recognized this principle in *Drug, Inc., v. Hunt,* 5 *W. W. Harr.* (35 *Del. Rep.*) 339, 168 *A.* 87. See also *McKee v. Standard Minerals Corp.,* 18 *Del. Ch.* 97, 156 *A.* 193; *Nye, etc., Corp. v. Nye Odorless, etc., Co.,* 18 *Del. Ch.* 179, 156 *A.* 176; *Sutton Mfg. Co. v. Hutchinson,* (*C. C. A.*) 63 *F.* 496; *Wilson v. Baker Clothing Co.,* 25 *Idaho,* 378, 137 *P.* 896, 50 *L. R. A.* (*N. S.*) 239; *Barrie v. United Rys.,* 125 *Mo. App.*

96, 102 *S. W.* 1078; *Cole v. Millerton Iron Co.*, 133 *N. Y.* 164, 30 *N. E.* 847, 28 *Am. St. Rep.* 615; *People's State Bank v. Monsey Oil Co.*, (*Tex. Com. App.*) 11 *S. W.* (2d) 507; *Baker Motor Vehicle Co., et al., v. Hunter,* (*C. C. A.*) 238 *F.* 894.

Nor is it required in such cases that the creditor shall have first reduced his claim to judgment, for the right to relief in those cases does not depend upon a showing that the creditor has exhausted his remedies at law and is without remedy save in equity. He does not seek a remedy in aid of law. He seeks relief grounded upon an equity distinct in itself. When that is so, a judgment at law and a return on execution of *nulla bona* is not required as a condition precedent to equitable relief. *Cobb v. Interstate Mortgage Corp.*, (*C. C. A.*) 20 *F.* (2d) 786.

It is objected that as debentures owned by the complainant are not yet due, she is not entitled to present payment and therefore no present relief can be afforded her. It is quite true that the complainant cannot enforce immediate payment out of the assets transferred. But why, if she can make out an equitable case, should she not have a lien? If she cannot, the case of long term debenture holders is in a sorry plight. Must they see their debtor corporation denude itself of all assets without receiving consideration in return therefor and be powerless to protect their equitable right to look to those assets for protection, until the distant maturity date has arrived? It would be unbecoming in equity, which boasts of its efficacy to right wrongs, to say to creditors caught in that situation—"you have a right to a lien which equity recognizes, but the enjoyment of your right shall be postponed until your bonds fall due," for that may be a distant day, the assets may have vanished from view and the means of proof may have become totally lost. Certainly it would seem that at least the lien should be impressed and its satisfaction postponed to the maturity date.

I do not see the necessity of the presence in this case of the New York corporation as a party in relation to that phase of it which is addressed to the complainant's right to an equitable lien. No relief is sought in that phase of the case which requires the presence of New York corporation to effectuate it. No decree is asked for which can in anywise prejudice it. If Delaware company took the New York corporation's assets without giving consideration therefor, the Delaware company participated in a wrong to the complainant. It cannot insist that it should not be sued unless its companion in wrong is made a companion in defense.

The demurrer will be sustained and the complainant may have leave if desired to amend her bill so as to keep before the court that particular phase of its case which the foregoing indicates as proper for retention.

The demurrants object that the complainant does not allege when she acquired her debentures. *Non constat,* she may have become a creditor after the transfer of assets was made and with full knowledge of the facts in connection therewith. If it was so, the question arises of whether she is in a position to complain. That question has been raised *en passant* and not debated. I refrain from passing upon it. It would be well for the complainant in case she concludes to amend her bill in order to proceed with her case, to consider whether an amendment should be made showing the date when she became a creditor. If the matter is considered of present importance so that a decision upon the question is advisable, the solicitors are invited to give the court the assistance of argument upon it.

An order will be entered sustaining the demurrer.