FRED J. SCHWARTZ,
Plaintiff,

*vs.*

HENRY C. MINER, JR., LESLIE R. SCHWARTZ, SAMUEL GOODMAN, ANDREW A. NELSON, JAMES P. MCALLISTER, MARTIN H. NEWMAN, FRANK MILTON, and HAROLD S. MINER, and BENJAMIN D. GLADSTONE, JOSEPH M. GEOGHAN, RALPH LAGER, HAROLD H. NEWMAN, WALTER DUNN, IRVING L. EISENSTAT, LEON GREENBERG, WILLIAM H. APPLEGATE, JACK R. WEINSTEIN, CHARLES CALL, and ALLEN GRANT and CENTURY CIRCUIT, INC., a New York corporation, and COMBINED CENTURE THEATRES, INC., a Delaware corporation and TWAIN REALTY CORPORATION, a New York corporation, and CONWALL REALTY CORPORATION, a New York corporation, and CENTURY CIRCUIT, INC., a Delaware corporation,
Defendants.

*New Castle, June 25, 1957.*

*Arthur G. Logan* and *Aubrey B. Lank,* of Logan, Marvel, Boggs & Theisen, Wilmington, for plaintiff.

*S. Samuel Arsht, Andrew Kirkpatrick, Jr.,* and *Harvey S. Kronfeld,* of Morris, Steel, Nichols & Arsht, Wilmington, for defendant, Harold S. Miner.

SEITZ, Chancellor: This is a stockholder's derivative action brought against certain corporate and individual defendants. The individual defendants all being nonresidents, process was requested and issued under 10 Del.C. § 366. This so-called sequestration statute authorizes the seizure of the Delaware property of nonresidents to compel their appearance.

The sequestrator's report disclosed that no property of the defendant, Harold S. Miner ("defendant") was seized pursuant to the process issued. It is also conceded that the defendant has not been personally served or otherwise appeared in the action. It is conceded that he has no intention of entering a voluntary appearance.

Based upon the foregoing facts the defendant has filed a petition seeking leave to appear specially in order to file a motion to dismiss the complaint and vacate and quash the process of the Court insofar as they purport to effect him. This is the decision thereon.

 Plaintiff's counsel first assert that special appearances have been abolished by the Rules of Court and consequently the defendant's petition should be denied. Defendant by filing his petition merely desired to be assured that if such petition is improper he will not, by filing his motion to dismiss, be running the risk of entering a general appearance if his motion is denied.

 I am satisfied that the special appearance device has been abolished by the Rules of Court, and this applies to sequestration cases. *Sands v. Lefcourt Realty Corp.*, 35 *Del.Ch.* 340, 117 *A.2d* 365. Compare *Abercrombie v. Davies*, 35 *Del.Ch.* 354, 118 *A.2d* 358. The purpose formerly served by granting leave to appear specially to attack jurisdiction is now fulfilled by the filing of a motion to dismiss for lack of jurisdiction, etc., as provided by *Chancery Rule* 12(b), *Del.C. Ann.* If the motion is denied the defendant may then elect whether or not to subject himself to the Court's jurisdiction generally by continuing to defend the action.[1] Compare *Canaday v. Superior Court*, 10 *Terry* 456, 119 *A.2d* 347; *Sands v. Lefcourt Realty Corp.*, 35 *Del.Ch.* 340, 117 *A.2d* 365. This was the procedure recognized and approved by our Supreme Court in *Canaday v. Superior Court*, in a foreign attachment action at law involving a similar Rule of Court. Actually the sequestration statute is no more than foreign attachment in equity. See *Sands v. Lefcourt Realty Corp.*, above.

I therefore conclude that the defendant's petition for leave to appear specially to file a motion to dismiss must be denied because the function of such a petition is adequately discharged by the existing Rules of Court.

In view of my ruling on the petition for leave to appear specially, I understand it is agreed that I may pass upon the motion to dismiss itself. While defendant has moved to dismiss and to quash the process I here attach no significance to the dual nature of the motion. I as-

1. It is not here necessary to decide whether an assertion of a defense of the type here involved in an answer rather than in a motion to dismiss would place the defendant in the position of the individual defendant in *Canaday v. Superior Court*, above. Nor need I consider the possible consequences of combining in a motion to dismiss both jurisdictional and non-jurisdictional grounds.

sume that defendant is attacking jurisdiction and I approach the problem accordingly.

It is undisputed that the defendant is a nonresident of Delaware who has not agreed to subject himself to Delaware process. It is also agreed that no property of the defendant was seized under the sequestration order heretofore entered. Under these circumstances the defendant asserts that the action should be dismissed as to him. Plaintiff resists defendant's motion on the ground that the defendant shows no prejudice to him by having the action continue against him. He agrees that the judgment would not be binding on defendant. Plaintiff also asserts that he may be able to attain service over the defendant by seizure of his property in the future. I take it that plaintiff concedes, however, that he has no knowledge of any Delaware property belonging to defendant.

On the present record we have a situation where the plaintiff has no reasonable basis for anticipating that he will be able to secure jurisdiction over the person or the property of the defendant. Nor is it suggested that a dismissal as to the defendant will prejudice plaintiff in the prosecution of the action against the defendants who have appeared. On the other hand the defendant may well have to refer to and explain the status of the action as against him in financial reports and other transactions. Certainly this is a cloud which should be removed after a reasonable period of time if he or his property cannot be brought within the Court's jurisdiction.

Under the circumstances recited I believe that at some stage the defendant is entitled to have the action dismissed as to him unless plaintiff can make a concrete showing of a possibility of bringing the defendant or his property within the effective process of this Court within a reasonable period of time. Certainly a dismissal where there is no way to enforce an appearance of a nonresident is not a novel idea. See *Berwick v. Associated Gas & Electric Co.*, 20 *Del.Ch.* 265, 174 *A.* 122. The complaint was filed over 3 months ago.

I think plaintiff should be given a reasonable additional time to attempt to procure jurisdiction over the defendant or his property, or

show concrete prejudice if it is dismissed as to him. Therefore, defendant's motion to dismiss will be denied without prejudice to defendant's right to refile the motion in the event no jurisdiction is obtained over him within 60 days from the date of the order hereon. The motion will then be granted unless plaintiff can make the required showing.

Present order on notice.