FREDERICK KLEIN, Respondent, *v.* EAST RIVER ELECTRIC LIGHT COMPANY (Thereafter Known as the THOMSON-HOUSTON ELECTRIC COMPANY) et al., Appellants.

1. APPEAL — UNANIMOUS AFFIRMANCE — CONST. ART. 6, § 9. The fact that an affirmance by the General Term of the City Court of the city of New York of a judgment entered upon a verdict in favor of plaintiff was unanimous does not preclude the Court of Appeals from reviewing the case for the purpose of determining whether there was any evidence to support the judgment, upon an appeal by permission from a judgment of the Appellate Division affirming a judgment of the Appellate Term of the Supreme Court, which affirmed the judgment of the General Term — it is a unanimous decision of the Appellate Division, not of the General Term of the City Court, that limits the review by the Court of Appeals. (Const. art. 6, § 9.)

2. EVIDENCE — WHEN STATEMENT IN VERIFIED ANSWER AND ATTORNEY'S ADVICE TO CLIENT CANNOT BE REGARDED AS ADMISSION OF LIABILITY. Where the original complaint in an action against the successor of an electric light company, to recover upon interest coupons, alleged that they were attached to bonds secured by a first mortgage executed by its predecessor, the property of which it had acquired subject to the payment of the bonds and coupons, and the answer denied that the defendant had sufficient knowledge or information to form a belief as to whether such coupons were attached to such bonds when issued, an allegation therein that the defendant was and had been "at all times ready and willing to pay the face of said coupons" cannot be construed as an admission that it agreed to assume or pay them where

the complaint is subsequently amended and alleged that the coupons were detached from the bonds before the bonds were sold and were transferred as independent instruments to persons other than those who purchased the bonds, to which an amended answer was interposed putting in issue the plaintiff's right to recover upon the coupons: it is more in the nature of an offer to settle for the coupons than an admission that it ever before agreed to assume or pay them: nor does a letter written by the defendant's attorney advising the payment of the coupons constitute an admission of the defendant's liability, especially in a case where the attorney evidently wrote under a mistake of the facts and the defendant disregarded the advice and refused to act upon it: neither of the alleged admissions, therefore, authorized the submission of the case to the jury.

*Klein* v. *East River Electric Light Co.*, 90 App. Div. 92, reversed.

(Argued May 2, 1905; decided May 30, 1905.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 7, 1904, which affirmed a judgment of the General Term of the City Court of the city of New York affirming a judgment in favor of plaintiff entered upon a verdict rendered at a Trial Term of said City Court.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Henry J. Hemmens* and *Samuel A. Beardsley* for appellants. The unsecured claims against the East River Electric Light Company, afterwards called the Thomson-Houston Electric Company, could not follow the assets of that company which were sold at the foreclosure sale. (*Fernschild* v. *Y. B. Co.*, 154 N. Y. 667; Cook on Corp. [4th ed.] ch. 52; *People ex rel. Shurz* v. *Cook*, 110 N. Y. 443.) The Manhattan Electric Light Company was not the successor of the East River Electric Light Company or the Thomson-Houston Electric Company so as to be liable for their unsecured debts, and a judgment against it, therefore, cannot be sustained. (*Ferguson* v. *A. A. R. R. Co.*, 17 App. Div. 336; *Fernschild* v. *Y. B. Co.*, 15 App. Div. 29.) The coupons in question were never obligations of the East River Electric Light Company or the Thomson-Houston Electric Com-

pany, as they were detached from the bonds previous to the time when they were sold and delivered by the company which issued them, and before they became obligations of the company, and the delay in presenting them for payment casts suspicion upon the good faith of the plaintiff's claim. (*H. T. Co.* v. *T. H. El. Co.*, 62 App. Div. 229.) The coupons after they were detached became independent obligations, if at all, and were not secured obligations under the mortgage. (*Clark* v. *Iowa City*, 20 Wall. [U. S.] 582; 2 Daniel on Neg. Inst. § 1510; *W. S. Bank* v. *Town of Solon*, 136 N. Y. 480; *Clokey* v. *E. & T. H. Co.*, 16 App. Div. 304.) The alleged admission in the original answer of the Manhattan Electric Light Company that it was the successor of the East River Electric Light Company, and that it was ready and willing to pay the principal of the coupons in suit, and that it did assume the payment of the bonds and coupons issued by the East River Electric Light Company was not applicable or binding after the amendment of the complaint. (*E. Mfg. Co.* v. *Campbell*, 13 Abb. Pr. 86; *Strong* v. *Dwight*, 11 Abb. Pr. [N. S.] 319; *Dale* v. *Gilbert*, 128 N. Y. 628; *Sands* v. *Calkins*, 30 How. Pr. 1; *N. Y. I. Wire Co.* v. *W. M. Co.*, 85 Hun, 269; *L. Nat. Bank* v. *Butler*, 14 Misc. Rep. 464; *S. C. Bank* v. *Garlinhouse*, 4 How. Pr. 174; 1 Ency. of Pl. & Pr. 626.) The admission in evidence of a letter written by the attorneys for the defendant, the Manhattan Electric Light Company, advising payment of the coupons, was inadmissible. (*Fernschild* v. *Y. B. Co.*, 15 App. Div. 29.)

*David Gerber* for respondent. The verdict of the jury having been affirmed unanimously by the General Term of the City Court and by the Appellate Term, this court is precluded from considering the questions certified which call only for a review of the facts. (*Marden* v. *Dorthy*, 160 N. Y. 39; *Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; *Amherst College* v. *Ritch*, 151 N. Y. 282; *People ex rel. Man. Ry. Co.* v. *Barker*, 152 N. Y. 417; *Jones* v. *Reilly*, 174 N. Y.

97·; *Clapp* v. *Sternglanz*, 23 Misc. Rep. 641 ; *Curtin* v. *M. S. Ry. Co.*, 22 Misc. Rep. 586.) There was no error in admitting in evidence the answer of the defendant, the Manhattan Electric Light Company, to the original complaint. (*Smith* v. *Pellott*, 18 N. Y. Supp. 301 ; *Breese* v. *Graves*, 67 App. Div. 322.) The letter of the attorneys for the Manhattan Electric Light Company was properly admitted in evidence. (*Rosseau* v. *Bleau*, ·131 N. Y. 177 ; *Bartlett* v. *Bunn*, 56 Hun, 507.)

HAIGHT, J. This action was commenced on the 1st day of February, 1900, by the service of a summons and complaint on the Manhattan Electric Light Company, and was brought to recover the amount of five coupons of thirty dollars each with interest from September first, 1888, which coupons, the complaint alleged, matured at that date and were annexed to bonds numbered 154 to 158 inclusive, which bonds were secured by a first mortgage executed by the East·River Electric Light Company to the Knickerbocker Trust Company, and that the Manhattan Electric Light Company had become the successor to the East River Electric Light Company and had acquired its franchise and properties subject to the said mortgage and the payment by it of such bonds and coupons ; that the plaintiff was the owner and holder of the coupons, and that they were presented for payment and that such payment had been refused. The answer of the defendant the Manhattan Electric Light Company denied that it had sufficient knowledge or information to form a belief as to whether the plaintiff was the owner and holder of the coupons in question or whether such coupons were attached to the bonds mentioned in the complaint when issued, and then alleged " that it, as the successor of the said East River Electric Light Company and its said predecessor companies, were and have been at all times ready and willing to pay the said coupon to the lawful owner and holder thereof. when presented ; that the same never has been presented for payment or payment thereof demanded except when accompanied with a demand

for interest, which said demand has been refused, but defend-
ants have at all times been ready and willing to pay the face
of the said coupon and still are ready and willing to pay the
same." It thus appeared at this stage of the pleadings that
the coupons upon which the action was brought were alleged
to be a part of the mortgage debt of the East River Electric
Light Company; that the Manhattan Electric Light Company
had acquired the properties and franchise of the East River
Electric Light Company subject to the bonds and coupons
secured by the mortgage alluded to, and that the Manhattan
Electric Light Company was bound to pay such coupons or
else submit to a foreclosure of that mortgage, and that it was
willing to pay the same but not the interest accruing upon the
coupons after they had matured and before they were presented
for payment. The contention of the defendant was that the
coupons represented interest accruing upon the bonds and that
such interest could not be compounded before they were pre-
sented for payment. To avoid this claim of the defendant the
plaintiff served an amended complaint, in which he alleged that
the coupons in question were detached from the bonds before
the bonds were issued by the East River Electric Light Com-
pany, and that when such bonds were issued they were sold
without such coupons attached, and that such coupons so
detached were transferred as independent instruments to per-
sons other than the holders of the bonds to which the coupons
had been previously attached. In the meantime, the Edison
Electric Illuminating Company of New York had become
the successor of the defendant the Manhattan Electric Light
Company, and such company by its successor interposed an
answer to the amended complaint, in which the right of the
plaintiff to recover upon the coupons or the interest thereon
or any part thereof was put in issue.

Upon the trial the plaintiff introduced in evidence the
coupons in question and then showed by one Kelly that he
acquired them in regular course of business, and that the
bonds were issued and delivered to a Mr. Moore in August,
1888, but that the coupons were detached before the delivery

of the bonds. The defendant's first answer was then read in evidence, together with a letter of the defendant's attorney under date of January 9th, 1900, addressed to the defendant, stating that "the bearer Mr. Baltes has five coupons of the East River Electric Company's bonds which seem to be all right. We advise that they be paid if there is no record that like numbers have already been paid." The plaintiff then rested. Upon the defense it was shown that the East River Electric Light Company had executed a second mortgage upon its properties and franchise to secure bonds to the amount of six hundred thousand dollars, that that mortgage had been foreclosed and all the properties and franchise of the company sold, and that the same had been bid in by one George W. Maslin; that he had associated others with him under a reorganization agreement and formed a new corporation which had taken over all the property and franchise so acquired upon the foreclosure sale, and that defendant had become the successor of that company by an agreement of merger.

The Appellate Division affirmed the judgment herein by a divided court and then certified that in its opinion questions of law are involved which ought to be reviewed by the Court of Appeals, and that the following questions should be answered by this court:

(1) "Did the trial court err in denying the defendant's motion to dismiss the complaint made, when plaintiff rested and again at the close of the evidence?"

(2) "Did the evidence on the part of the plaintiff justify the trial judge in submitting to the jury the question whether the defendant, The Manhattan Electric Light Company, agreed to pay the coupons of the East River Electric Light Company, referred to in the complaint?"

The respondent now insists that this court has no power to review either of these questions, for the reason that the judgment entered upon the verdict in the City Court was unanimously affirmed by the General Term of that court, which in turn was affirmed by the Appellate Term, and that by reason

thereof this court is precluded from reviewing the case for the purpose of determining whether there is any evidence to support the plaintiff's claim. With reference to this contention we call attention to the provisions of the Constitution, article 6, section 9, which provide that "No unanimous decision of the *Appellate Division of the Supreme Court* that there is evidence supporting or tending to sustain a finding of fact or a verdict not directed by the court, shall be reviewed by the Court of Appeals." It is the unanimous decision of the *Appellate Division of the Supreme Court*, not the General Term of the City Court, that operates to limit the power of this court to review such a question. The action in this case was originally commenced in the City Court and no appeal from such an action can be taken as a matter of right to this court. The Appellate Division, however, under section 191, subdivision 1, of the Code of Civil Procedure, may allow an appeal to this court upon certifying that in its opinion a question of law is involved which ought to be reviewed by this court. It is not, however, required to certify questions to be answered. The requirements of section 190, subdivision 2, have reference to appeals allowed by the Appellate Divisions other than appeals from judgments or orders finally determining actions or special proceedings and from orders granting new trials on exceptions, and does not apply to appeals that are allowed under section 191 of the Code. (*Young* v. *Fox*, 155 N. Y. 615.) Upon the trial, at the conclusion of the plaintiff's evidence, the defendant moved for a dismissal of the complaint, upon the ground that it did not appear that the defendant the Manhattan Electric Light Company had become liable for the payment of the coupons in question, and this was renewed at the end of the evidence. Both of which motions were denied and exceptions taken. If there was no evidence that would tend to support a verdict in favor of the plaintiff, the denial of the motions was an error of law which this court has the power to review. We shall, therefore, disregard the questions certified and consider only the question raised upon these motions.

3

It appears, as we have seen from the allegations of the plaintiff's amended complaint and from the testimony of his witness Kelly, that the coupons in question were detached from the bonds before the bonds were issued and sold, and that the coupons were transferred as independent instruments to persons other than those who purchased the bonds. It, therefore, follows that they were no part of the mortgage debt, that their payment was not secured by the mortgage, and that they were not entitled to payment out of the proceeds of the sale of the property in case of the foreclosure of the mortgage. (*Holland Trust Co.* v. *Thomson-Houston Electric Co.*, 170 N. Y. 68.) The coupons not being secured by first mortgage the purchaser under the foreclosure of the second mortgage is not presumed to have taken title subject to their payment, and no agreement to assume and pay the coupons has been shown to have been made by the purchaser or the defendant other than that to which we have already called attention. (*Fernschild* v. *Yuengling Brewing Co.*, 154 N. Y. 667.)

We are thus brought to a consideration of the allegations quoted from the answer and the letter of the defendant's attorney. Referring again to the allegation of the answer to the effect that defendant has been "at all times ready and willing to pay said coupons," it is apparent that the allegation is more in the nature of an offer to settle for the coupons than an admission that it had ever before agreed to assume or pay them. In construing this allegation we should consider the circumstances under which it was made. The first complaint, as we have seen, alleged that these coupons were annexed to the bonds which were secured by a mortgage upon the East River Electric Light Company's property. The defendant had answered this allegation to the effect that it had no knowledge or information upon that subject from which it could form a belief. Its title was derived from the foreclosure of the second mortgage upon the East River Electric Light Company's property, and, therefore, it was deemed to have taken title to the property subject to the outstanding

bonds secured by the first mortgage. If these coupons were attached to the bonds of the first mortgage when they were negotiated as alleged in the complaint, then the defendant had no defense thereto and was willing to pay the coupons but not the interest upon such bonds which was represented by the coupons. The purpose of the pleader under these circumstances becomes clear. Under the allegations of the complaint the payment of these coupons was secured by the mortgage. He, therefore, was willing to pay them, but not the interest, claiming that the coupons represented the interest accrued upon the bonds and as such interest it could not be compounded until the coupons had been presented for payment. The allegation was made in view of the allegations of the complaint as it then stood, coupled with a denial of its liability for interest, and, manifestly, it was not intended to be an admission of liability upon the allegation of an amended complaint which superseded and took the place of the complaint to which the answer had been interposed and which for the first time set forth that the coupons were no part of the mortgage debt, but were detached and issued as separate and independent instruments which would carry interest.

The letter written by the defendant's attorney to the effect that the coupons seem to be all right and that he advises their payment if there is no record that like numbers have been already paid, on which the plaintiff relies to establish the defendant's liability, was evidently written by the attorney under a mistake of the facts. This is evident from the first statement made in the letter, which is that " the bearer, Mr. Baltes, has five coupons of the East River Electric Light Company's bonds which seem to be all right." Thus indicating that he supposed that the coupons were the coupons of the East River Electric Light Company's bonds. In other words, that they represented the interest accruing upon such bonds and not that they were independent instruments separated from the bonds and issued and negotiated as such, as it subsequently turned out. But, assuming there was no mistake of fact on the part of the attorney, the letter is but an advice of

an attorney to his client to pay the coupons which the client did not see fit to accept or act upon. It declined to pay and by reason thereof this action was brought. As we understand, an attorney may advise his client one day and the next day he may change his mind and advise differently without creating any liability on the part of his client. Indeed we are aware of no principle in the law that will suffer the advice given by an attorney to be treated as the admission of the client of liability, especially where the client disregards the advice and refuses to act upon it. We are, therefore, of the opinion that neither the allegation in the answer nor the letter of the defendant's attorney authorized the submission of the case to the jury and the court erred in overruling the defendant's motion.

The judgment should be reversed and a new trial ordered, with costs in all courts to abide the event.

Bartlett, J. (dissenting). I am unable to agree with the prevailing opinion that the admission in the original answer of willingness to pay the coupons without interest is in the nature of an offer of settlement. It is true that the amended answer succeeds the original answer as a pleading, but the original contains a distinct admission under oath against interest that was read in evidence and remained wholly unexplained at the trial. This was sufficient to sustain the verdict, *prima facie.*

I agree with the very able and convincing opinion of Mr. Justice O'Brien in the Appellate Division, and base my dissent thereon.

Cullen, Ch. J., Gray, O'Brien, Vann and Werner, JJ., concur with Haight, J.; Bartlett, J., reads dissenting memorandum.

Judgment reversed, etc.