William H. Talbot, Respondent, *v.* Max Laubheim et al., as Administrators of the Estate of Samuel Laubheim, Deceased, et al., Appellants.

1. Evidence — When Admissions Contained in a Counterclaim Are Admissible in Evidence Against the Defendants in an Action. Upon the trial of an action for goods sold and delivered, admissions contained in a counterclaim, forming part of a verified answer, are admissible as evidence against the defendants. While such admissions are not conclusive as against a general denial also contained in the answer, they may be considered, with the other evidence received on the trial, in determining and deciding the issues in the action.

2. Witnesses — Code Civ. Pro. § 829 — When Interest of Witness in Result of Action Too Remote to Disqualify Him from Testifying as to Conversations with a Deceased Defendant. Where an action was brought against the members of a firm to recover for goods sold and delivered to them, and one of the defendants died after the commencement of the action, and his administrators with will annexed were substituted in his place and stead, the secretary and treasurer of an insolvent corporation whose assets were sold by the sheriff several years previous is not disqualified under the statute (Code Civ. Pro. § 829) from testifying, as a witness for plaintiff, to conversations had with the deceased member of the firm relative to the sale of the goods in question, by reason of the fact that such corporation had been an agent or factor for plaintiff's assignor in such sales, and that if plaintiff failed to recover from defendants because of any mistake or fault on the part of such corporation, the mistake or fault would be chargeable to the corporation. The interest of the witness, if any, by reason of his having been the secretary and treasurer of the corporation before it ceased business, is too remote, uncertain and doubtful to make him interested in the event within the meaning of the statute.

*Talbot* v. *Laubheim*, 111 App. Div. 915, affirmed.

(Argued April 5, 1907; decided May 10, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 21, 1906, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis Zinke* and *A. U. Zinke* for appellants. Talbot, Keene and Camm were all incompetent to testify under section 829 of the Code of Civil Procedure. ( *Wilcox* v. *Corwin,* 117 N. Y. 500; *Church* v. *Howard,* 79 N. Y. 415; *Holcomb* v. *Holcomb,* 95 N. Y. 316; *Wallace* v. *Strauss,* 113 N. Y. 238; *Redfield* v. *Redfield,* 110 N. Y. 671; *Heyne* v. *Duerfler,* 124 N. Y. 505; *Leutchford* v. *Lord,* 132 N. Y. 465; *Matter of Lasak,* 131 N. Y. 624; *Hutton* v. *Smith,* 175 N. Y. 379; *Burdick* v. *Burdick,* 180 N. Y. 261.) The admissions in the amended answer cannot be invoked in plaintiff's favor as evidence and used to sustain a recovery. (*Cook* v. *Barr,* 44 N. Y. 158; *Hutchins* v. *Van Vechten,* 140 N. Y. 118; *Eisenlord* v. *Clum,* 126 N. Y. 559; *Mayor, etc.,* v. *Fay,* 53 Hun, 553; *Mittnacht* v. *Bache,* 16 App. Div. 430; Code Civ. Pro. § 507; 1 Rumsey Pr. [2d ed.] 436; *Goodwin* v. *Wertheimer,* 99 N. Y. 149; *Bruce* v. *Barr,* 67 N. Y. 237; *Society* v. *Sulzer,* 138 N. Y. 466; *Conklin* v. *Woodbury Institute,* 27 App. Div. 610; *Scofield* v. *Whitelegge,* 49 N. Y. 259.)

*George C. Harrison* for respondent. The testimony of plaintiff's witness is competent for the purposes for which it was admitted by the trial judge. ( *Wallace* v. *Strauss,* 113 N. Y. 238.) The record shows a *prima facie* case in favor of plaintiff. (Code Civ. Pro. § 424; *Freeman* v. *Young,* 63 N. Y. 176; 73 N. Y. 223; 84 N. Y. 63; *Stedeker* v. *Bernard,* 102 N. Y. 327; *Condee* v. *Smith,* 93 N. Y. 349.)

CHASE, J. This action is brought for goods sold and delivered by the plaintiff's assignor to the defendants as originally named in the action. The defendant Samuel Laubheim died after the commencement of the action, and by consent the administrators with the will annexed of said Samuel Laubheim, deceased, were substituted as defendants in his place and stead. The defendants appeared generally and interposed an answer to the plaintiff's complaint, in which they denied the material allegations thereof and also alleged

therein certain defenses and counterclaims.   On the trial the plaintiff produced evidence showing that his assignor from time to time furnished bullion for the Camm Watch Case Company, a corporation, and that said watch case company solicited orders for watch cases that it might make the same from the bullion so furnished by the plaintiff's assignor, and that the plaintiff's assignor paid for the manufacture of said cases and carried out the contracts so made by the watch case company in his name.   The secretary and treasurer of said watch case company, acting for the plaintiff's assignor, agreed with said Samuel Laubheim to make seventy-five plain watch cases at a price named.   The cases were subsequently made and delivered to plaintiff's assignor.   Plaintiff's assignor sent the watch cases with a bill therefor to be delivered to Laubheim Brothers, in New York city.   Subsequently the plaintiff, who is his assignor's general manager in the assignor's business in New York city, saw all, or nearly all, of the cases in the safe at the store of Laubheim Brothers.   The plaintiff then offered in evidence from the answer of the defendants the following allegation :   " That in violation of the contract or agreement under which the aforesaid cases were *sold and delivered to these defendants.*"

The remaining part of the paragraph of the answer from which the alleged admission. is taken is as follows :   " There was charged, and the defendants are informed and verily believe, there is included in the amount claimed in the complaint herein, the sum of $14.77 for alleged overweight, and that, in fact, there was no overweight in the said goods ; and that these defendants therefore likewise counterclaim and set off said sum of $14.77 against any recovery that may be had by the plaintiff herein."

The parties rested, and the court directed judgment in favor of the plaintiff for the amount claimed by him less $14.77, the amount so alleged in the answer as a counterclaim, and from the judgment entered thereupon an appeal was taken to the Appellate Division of the Supreme Court, where the judgment was unanimously affirmed (111 App. Div. 915),

and from such judgment of affirmance the appeal·is taken to this court. The defendants claim that the plaintiff failed to prove a cause of action. The evidence was fragmentary, disconnected, and not very conclusive, but we are unable to say ˙that there is not some evidence to sustain the judgment directed by the court.

The defendants also claim that errors were committed by the trial court in its rulings.

1. In allowing admissions contained in the counterclaim to be considered as evidence on the trial of the action.

A defendant may interpose as many defenses or counterclaims, or both, as he has, whether they are such as were formerly denominated legal or equitable (Code Civil Procedure, sec. 507), and although an objection that the defenses or counterclaims are inconsistent is not available (*Bruce* v. *Burr*, 67 N. Y. 237; *Societa Italiana* v. *Sulzer*, 138 N. Y. 468) the pleading, so far as it alleges new matter constituting a defense or counterclaim, must contain a statement in ordinary and concise language of the *facts* claimed by the pleader. The practice under our Code of Civil Procedure does not recognize fictions or that a verified pleading can contain anything other than a truthful statement of the pleader's contention. There is no reason, therefore, why the allegations of a verified pleading, even if not conclusive against the pleader, should not be treated as admissions against the person or persons making them, the same as if made orally, or in any document or proceeding. The admissions in a pleading must be taken in connection with all the allegations thereof, and the weight to be given to admissions which are not in themselves conclusive against the pleader is to be determined by the court or jury the same as other evidence offered on the trial. Where all of the defendants unite in an answer, ·the admissions therein are to be treated in the action in which the pleading is served as the admissions of each, and not confined to the person actually verifying the same. We are not unaware of the fact that there are decisions which hold that an admission in a special defense or counterclaim cannot be

considered for the purpose of overcoming the effect of a general denial. Such an admission is not conclusive as against a general denial, but we can see no reason upon principle why such an admission should not be considered with the other evidence received on the trial in deciding and determining the issues in the action. There are many reported cases sustaining the right to consider such admissions as evidence against the person or persons making them. (*Cook* v. *Barr*, 44 N. Y. 156; *Young* v. *Katz*, 22 App. Div. 542; *McIntire* v. *Wiegand*, 24 Abb. [N. C.] 312; *Klein* v. *East River Electric Light Co.*, 90 App. Div. 92; reversed as to the effect or weight of the evidence, 182 N. Y. 27.)

2. In allowing the plaintiff's assignor to testify in regard to a conversation in the store of Laubheim Brothers, in which Samuel Laubheim, now deceased, took part. The conversation referred to related to the defendants' alleged counterclaim for overweight charged by the plaintiff in this action. As the court allowed the defendants their entire alleged counterclaim for overweight it is not necessary to consider the question as to whether the testimony of the plaintiff's assignor relating thereto should or should not have been admitted.

3. In allowing the secretary and treasurer of the Camm Watch Case Company to testify to conversations with Samuel Laubeim, now deceased.

It is claimed by the defendants that such witness was interested in the event of the action by reason of the fact that if the plaintiff failed to recover in the action against the defendants by reason of any mistake or fault on the part of the Camm Watch Case Company, that the damage or loss to the plaintiff and his assignor by reason of such mistake or fault would be charged to said watch case company. The Camm Watch Case Company stopped business in 1901 and its assets were sold by the sheriff. The interest of the witness, if any, in that company, by reason of his being at the time its secretary and treasurer, is too remote, uncertain and doubtful to make him interested in the event within the meaning of section 829 of the Code of Civil Procedure.

The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain and vested interest, and not an interest uncertain, remote or contingent. (1 Greenleaf on Evidence, section 390.)

The judgment should be affirmed, with costs. .

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT, VANN and HISCOCK, JJ., concur.

Judgment affirmed.