KRODER et al. v. SIEGEL HARDWARE CO.

(Supreme Court, Appellate Term. December 16, 1908.)

1. SALES (§ 181*)—ACTION FOR PRICE—EVIDENCE—SUFFICIENCY.
    Evidence in an action for the price of goods *held* sufficient to show that the goods were sold and delivered to defendant corporation.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 181.*]

2. SALES (§ 181*)—ACTION FOR PRICE—EVIDENCE.
    In an action for the price of goods, an affidavit filed by defendant in support of an application for an adjournment, reciting that an absent witness would testify that the goods were not accepted by defendant, but were held subject to plaintiff's order, and that certain goods delivered

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to defendant were inferior and unmarketable, and separate defenses that goods bought by defendant from plaintiff were defective, etc., and that plaintiff refused defendant's offer to return them, and that defendant had paid plaintiff for goods bought and retained, while not conclusive as admissions in the face of defendant's general denial, could be considered on defendant's motion to dismiss, based upon the theory that no sale and delivery to it had been shown.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 181.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John Kroder and another against the Siegel Hardware Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Meyer D. Siegel, for appellant.

Coffin & Goldmark (Herbert Goldmark, of counsel), for respondents.

GIEGERICH, J. This is an action to recover for goods alleged to have been sold and delivered to the defendant corporation at an agreed price. The answer was a general denial coupled with the following separate defenses:

"That the defendant purchased some goods, wares, and merchandise from the plaintiff, but that the same were defective, unmarketable, and worthless, and the defendant offered to return the same to the plaintiff, which were refused."

"That the defendant has paid to the plaintiff for goods, wares, and merchandise that the defendant purchased and retained, and that there is now nothing due thereon to the plaintiff."

The plaintiff's witness Reubel testified that at various times in March, April, May, and June, 1908, one David Siegel, whom he knew to be an officer of the defendant corporation, called at the plaintiff's store and purchased goods at prices aggregating $334.13, to be delivered to the defendant's store, and which were afterwards so delivered; that the witness had afterwards visited the defendant's store, and had himself seen part of the goods there, and that on July 15th the defendant corporation had paid $50 and on August 5th a further $55, and that a credit of $3.50 had been allowed for a difference in prices, which left a balance of $225.63 unpaid. The plaintiff further proved by its witness Hunter that the latter had called at the defendant's place of business in July, 1908, and had seen Mr. Siegel, and had presented to him a written statement of the plaintiff's account with the defendant corporation, which account was admitted in evidence and agrees with the figures testified to by the witness Reubel; that Mr. Siegel admitted that the goods had been received, but claimed that some part of the account was not yet due. At the close of the plaintiff's case, the defendant moved to dismiss the complaint, which motion was denied, and it duly excepted. No evidence was offered on its behalf, and judgment was rendered for the plaintiff for the amount of its claim, with interest and costs.

It is insisted that the connection of the defendant corporation with the transaction was not made out, and that there was no proof of the delivery of the goods, but I think that the statement of the evidence which I have detailed above sufficiently answers these objections and that a prima facie case was made out. The theory of the defense is that the sales made to Siegel were made to Siegel individually; but, although the record shows that he was in court on the morning of the day of the trial, he was not called as a witness. It is further to be noted that, when the case was called for trial, the defendant's counsel objected to going on, and submitted an affidavit in support of his application for an adjournment. This affidavit appears in the record, and contains the following allegations:

"That one Sam Renwick is a necessary and material witness in this action, in that he will testify to the fact that goods which plaintiff claims were sold and delivered to the defendant were not accepted by the defendant, but are held by defendant subject to the order of the plaintiff. Said Renwick will also testify to the fact that certain goods delivered to the defendant were inferior and unmarketable."

While the admissions contained in this affidavit and in the separate defenses of the answer were, of course, not conclusive as against the general denial, the trial court was nevertheless entitled to consider them in connection with the defendant's motion to dismiss, which was based upon the theory that the defendant corporation had not been connected with the transactions between the plaintiff and Siegel, and that delivery of the goods had not been proved. Talbot v. Laubheim, 188 N. Y. 421, 81 N. E. 163. I think, therefore, that there was no error in the denial of the motion to·dismiss the complaint, and upon the whole record I am of the opinion that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.