HAMMEL v. KAHN et al.

(Supreme Court, Appellate Term. February, 1911.)

WITNESSES (§ 141*)—PARTIES INTERESTED—TRANSACTIONS WITH DECEDENT.

    In an action for goods sold and delivered by decedent, testimony regarding the transactions with the deceased, by employés of defendants who were not interested in the event, within Code Civ. Proc. § 829, is admissible.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 576–579; Dec. Dig. § 141.*]

Appeal from City Court of New York, Trial Term.

Action by Emma Hammel, as executrix of the last will of Solomon W. Hammel, deceased, against Jacob Kahn and others, copartners doing business under the firm name and style of Kahn Bros. From a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Emanuel Jacobus, for appellants.

Nathan D. Levy, for respondent.

BIJUR, J. This is an action for goods sold and delivered. It was originally brought by Solomon W. Hammel, but upon his death was revived in favor of the present plaintiff. The answer, besides a general denial, sets up defenses based on the alleged illegality of the transaction, arising out of bribery of the defendants' employés, and two counterclaims.

Upon the trial, the learned court below repeatedly excluded the testimony, regarding transactions with the deceased, offered by witnesses who were employés of the defendants, but not "interested in the event," within the meaning of section 829 of the Code. This alone is sufficient ground to require the reversal of the judgment below. Talbot v. Laubheim, 188 N. Y. 421, 81 N. E. 163.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.