DOLL et al. v. GOELLNER FURNITURE CO.

(Supreme Court, Special Term, Erie County.   June 30, 1916.)

PLEADING ☞376—NECESSITY OF PROOF—ADMISSIONS.

Where, in an action for goods sold, plaintiffs failed to technically prove the averment of their partnership, as to which defendant denied information and belief, but the allegations and admissions of the answer proceeded upon the theory of dealings between defendant and "plaintiffs," such failure to prove partnership was immaterial, as the answer sufficiently evidenced plaintiffs' joint interest.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1225–1227; Dec. Dig. ☞376.]

Appeal from City Court of Buffalo.

Action by Anthony Doll and another against the Goellner Furniture Company.   From a judgment of the City Court for defendant, plaintiffs appeal.   Reversed, and new trial ordered.

Frank Gibbons, of Buffalo, for appellants.
Thomas A. Sullivan, of Buffalo, for respondent.

WHEELER, J.   The complaint sets forth a cause of action for a breach of a written contract, by the terms of which the plaintiffs agreed to furnish the defendant two cuts and reading matter weekly for advertising purposes.   The plaintiffs offered certain evidence on the trial, which would have entitled them to a judgment in their favor, unless the failure to prove a copartnership between them required a dismissal of the complaint.   The defendant offered no evidence, and the trial court dismissed the plaintiffs' complaint, but not on its merits.   As a ground for the dismissal, the court expressly stated:

"That such plaintiffs failed to prove that they were and now are copartners in trade under the firm name or style of Continental Illustrating Company, as alleged in the complaint."

It would appear from the return that, either by the mistake of counsel for the plaintiffs, or the mistake of the stenographer in reporting what occurred at the trial, the formal proof of the copartnership of the plaintiffs was not made by the evidence offered on the trial.   The appellant, however, contends that the admissions and allegations of the defendant's answer supply any such technical want of evidence, and it was error on the part of the court below to have dismissed the complaint on the grounds stated.

The complaint alleges the plaintiffs were copartners in trade under the firm name and style of the "Continental Illustrating Company."   The complaint further alleges that:

"The plaintiffs and the defendant entered into a contract in writing" to do certain things, and "that the plaintiffs duly accepted such contract and entered upon the performance thereof, * *. *  and from time to time thereafter, and until the 4th of November, 1913, continued to furnish cuts according to the terms and conditions of said contract," etc.

The amended answer denied any knowledge or information as to whether the plaintiffs were copartners doing business under the firm

name and style of the "Continental Illustrating Company." It will be noticed that there is no denial that the plaintiffs furnished the defendants with cuts and reading matter, as alleged in the complaint. It goes without saying that, if. the plaintiffs made the contract or furnished the cuts in question, it is not a matter of the slightest consequence whether they were general copartners in trade, or did business under any particular firm name, or not. The defendant's liability would attach just the same.

The answer further alleges "that notice was given to the plaintiffs on the 4th day of November to discontinue sending goods alleged to have been requested by the defendant"—an allegation which necessarily implies that the "plaintiffs" in this action were the parties furnishing the cuts which are the subject-matter of the action. For a further defense the answer alleges that the "plaintiffs" represented certain things as to the cuts and that they would be suitable for defendant's business, but that such representations were untrue, etc. The answer further alleges that "the plaintiffs" never furnished any goods of the character and kind they agreed to, and that same were of no value, again affirming that the contract in question was with the "plaintiffs."

These allegations and admissions seem to all proceed upon the theory and assertion that the contract over which this litigation arose was a contract between the plaintiffs and the defendant. Where pleadings are in such condition, the denial of the technical copartnership is immaterial, because the plaintiffs would, notwithstanding, be entitled to recover if the affirmative defense set forth failed. Millerd v. Thorn, 56 N. Y. 402; Singleton v. Thornton, 9 N. Y. St. Rep. 600. Certainly the allegations of the answer may be treated as evidence of the joint interest of the plaintiffs, and that the contract was with them. Talbot v. Laubheim, 188 N. Y. 421–424, 81 N. E. 163; Barnes v. American China D'ev. Co., 131 App. Div. 55, 115 N. Y. Supp. 703. Taking everything into consideration, it would seem that a prima facie case of a contract with the plaintiffs had been made out.

The judgment must therefore be reversed, and a new trial had in the court below. Costs to abide event. So ordered.