ELLEN WALSH, Appellant, Respondent, v. BERT HERRICK, as Executor, etc., of MYRA L. WEBB, Deceased, Respondent, Appellant.— Appeal by the plaintiff from a judgment after trial by the Chemung County Court, without a jury, in favor of the plaintiff, on the ground that the judgment was inadequate and the case decided upon a wrong principle. The action was brought upon a contract between the

plaintiff and Myra L. Webb, evidenced by a writing dated April 24, 1930, reading as follows: " I, Myra L. Webb, agree to pay Mrs. James Walsh [the plaintiff], Fifteen Dollars per week for care and services as long as I remain with her." At the time that the paper was signed Mrs. Webb was eighty-eight years of age and lived for about three and one-half years thereafter, during all of which time she occupied rooms in the residence owned and occupied by the plaintiff. When the writing was signed Mrs. Webb was in the feeble condition indicated by her years, and was increasingly in need of care and attention up until she died on October 17, 1933. During this period the plaintiff or members of her family rendered substantial services to Mrs. Webb, including the preparation of meals, washing clothes, caring for her apartment, administering baths, exercising the care, attention and watchfulness necessary to one of advanced age, and nursing and providing other intimate and personal services made necessary by her physical ailments. On the trial the testimony of plaintiff's husband was excluded on the ground that he was disqualified as a witness under section 347 of the Civil Practice Act. The action was brought by the plaintiff alone, her husband was offered as a witness, and judgment in her favor was finally rendered. There is nothing in the record to indicate that the husband was legally interested in the event, within the meaning of that section; and it was error to exclude evidence of services rendered to the decedent by him. The trial court found that the plaintiff was entitled to recover for the services mentioned during the period of about six months while Mrs. Webb was confined to her bed before her death; and recognized the contract to the extent of fixing the weekly value of the services at the " agreed " sum of fifteen dollars. But the trial court refused to sustain the contract or allow a recovery for the balance of the period mentioned in the writing. The evidence is that Mrs. Webb had the writing prepared away from home, signed it in her own apartment, had it signed by a subscribing witness, and then delivered it to the plaintiff. This testimony was given by the subscribing witness. There is other evidence, and the court has found, that at the time of the making and delivering of the writing Mrs. Webb was an intelligent and educated woman, and " was in reasonably good health, active and alert, both mentally and physically." About ten days before her death, Mrs. Webb delivered a bank book and a draft to the plaintiff for the sum of $2,670, for the purpose of drawing that sum in payment of the amount then due. The handwriting expert called by the plaintiff did not testify that the writing first mentioned was not made by Mrs. Webb; and there was no evidence of fraud, coercion, forgery or incompetency. The evidence was sufficient to sustain plaintiff's case and to justify a judgment for the full amount claimed between April 24, 1930, and the death of Mrs. Webb on October 17, 1933. The court found for the plaintiff on the second cause of action for rent, amounting to $60 and interest thereon from January 19, 1934. The judgment of the Trial Term is modified, with costs to the plaintiff, and judgment is directed for the plaintiff in the sum of $2,670, and interest thereon from October 17, 1933, and for $60, and interest thereon from January 19, 1934, and as so modified, affirmed. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur. The court reverses the following findings of fact: Findings 24, 25, 27, 30, 31 and 33 in the decision; and findings 16, 23, 24 and 26 in defendant's requests to find. And the court makes new findings of fact as follows: *First.* That Myra L. Webb and this plaintiff entered into a contract, on April 24, 1930, according to which the plaintiff agreed to render personal services to Mrs. Webb as long as Mrs. Webb remained with the plaintiff, in con-

sideration of the sum of fifteen dollars per week, and on that date evidenced said contract by duly executing and delivering to the plaintiff a writing as follows: "April 24, 1930 I, Myra L. Webb, agree to pay Mrs. James Walsh Fifteen Dollars per week for care and services as long as I remain with her. Myra L. Webb. Witness Marie A. Fitzgerald." *Second.* That the plaintiff rendered the personal services agreed upon in said contract, between April 24, 1930, and October 17, 1933; and on the last mentioned day there was due and unpaid on account of said services the sum of $2,670, with interest from October 17, 1933.