In the Matter of the Accounting of WILLIE BLUFORD, as Administrator of the Estate of NOAH BLUFORD, Deceased.

Surrogate's Court, Kings County, October 30, 1951.

*Abraham Eisenstat* for administrator, petitioner.

*Irving Wallenstein* for Arene Chevious, objectant.

RUBENSTEIN, S.  An issue of fact arising on the trial of a rejected claim requires determination herein.  The contestant acknowledges that she has the burden of establishing such claim for services rendered to the intestate.  Included in the claim are charges for board and lodging and nursing care furnished to the intestate during his last illness.

To support such claim, the husband of the claimant was called as a witness.  The testimony given by him was timely objected to upon the ground of his alleged incompetency under section 347 of the Civil Practice Act.  Such objection was overruled and the motion to strike out his testimony is now denied.  Under said section, the test of interest which will disqualify a witness has been defined in *Talbot* v. *Laubheim* (188 N. Y. 421, 426) as follows: " The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action.  It must be a present, certain

and vested interest, and not an interest uncertain, remote or contingent.''

In accordance with this definition, it has been held that relatives of a party to an action, such as the husband or wife or sisters, are not, by reason of such relationship, disqualified and may testify. (*Whitman* v. *Foley,* 125 N. Y. 651; *Savercool* v. *Wilsey,* 5 App. Div. 562; *Griggs* v. *Renault Selling Branch,* 179 App. Div. 845; *Walsh* v. *Herrick,* 248 App. Div. 799; *Matter of Brush,* 226 App. Div. 683; *Matter of Mason,* 134 Misc. 902; *Matter of Turk,* 22 N. Y. S. 2d 4.) The ruling in *Scheu* v. *Blum* (136 App. Div. 592) does not support the accountant's contention. In that case, there was present the husband's testimony that the money earned by him and his wife was held in common and used for the household and personal expenses of both. Hence, there was basis for the court's conclusion that the husband was a person interested in the event. However, no such testimony was given in this proceeding.

Although claimant is required to prove her claim by a fair preponderance of the credible evidence only, it is the court's obligation to scrutinize carefully not only the husband's testimony, because of his relationship, but also that given by the other witnesses. (*Piwowarski* v. *Cornwell,* 273 N. Y. 226; *Matter of Gramm,* 157 Misc. 676, 678; *Matter of McCarthy,* 193 Misc. 264.) Mindful of its responsibility, the court has prudently weighed the testimony of all the witnesses and determines that claimant has failed to bear the burden cast upon her by the law. Notwithstanding the presence of testimony from which the court could have found that services were rendered by claimant to intestate at the latter's request, there is entirely absent any competent testimony from which the court may assess the value thereof.

The claim is disallowed and the objections are overruled.

Proceed accordingly.