■ In the Matter of the Accounting of THOMAS MAIRA, as Executor of SAM MAIRA, Deceased, Respondent. FRANCES V. LA MANNA, Appellant.— Decree unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: In this action to recover for room, board and care rendered to the decedent, we find that it was error to direct a verdict in favor of the executor. Even though both sides moved for a directed verdict, this did not waive the right to trial by jury of the factual issues presented which should have been submitted to it. (CPLR 4401.) Inasmuch as a new trial is required, we desire to point out that it was error to receive testimony by the claimant as to transactions with the decedent in viola-

tion of CPLR 4519 (*Lerche* v. *Brasher*, 104 N. Y. 157, 162–164), and to exclude proof offered by an expert to fix the value of the personal services rendered. Claimant's husband, having an interest in claim for room and board, was also incompetent to testify to transactions with the decedent. However, if the claim had been only for personal care and services rendered by claimant in which the husband could have no possible financial interest, then his testimony would have been competent. (See Domestic Relations Law, § 50; General Obligations Law, § 3–315; *Neilitz* v. *Neilitz*, 307 N. Y. 882; *Matter of Manchester*, 279 App. Div. 254; *Stamp* v. *Franklin*, 144 N. Y. 607.)  (Appeal by claimant La Manna from a decree of Onondaga Surrogate Court dismissing the claim.)  Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.