■ MARION H. HAMAR, as Coexecutrix of AZELIE H. PHELPS, Deceased, Respondent, v MARY ALICE P. ISACHSEN et al., Appellants. (Appeal No. 1.)— Decree unanimously affirmed, without costs. Memorandum: Petitioner, a daughter of decedent and one of three coexecutrices of her estate, commenced this proceeding pursuant to SCPA 1805 (subd 2), for authorization to pay a contractual debt in the amount of $39,780 allegedly due her from decedent for personal services, care, room, board, laundry and transportation furnished to decedent from March 1, 1972 until her death on April 29, 1974. Following a trial without a jury, petitioner's claim was allowed insofar as the assets of the estate were sufficient. Thereafter, respondents, the sisters of petitioner and coexecutrices of decedent's estate, petitioned the court for a decree determining the compensation to be paid their attorneys for services rendered to the estate in representing respondents in their opposition to petitioner's claim. The Surrogate, however, held that such legal services were not proper charges against the estate since respondents

were represented in their individual capacities as legatees and not in their roles as fiduciaries. At the trial of petitioner's claim, her husband was permitted to testify concerning the existence of a contractual relationship between petitioner and decedent as well as the nature and extent of the services performed by petitioner. Insofar as petitioner sought compensation for expenses other than room, the admission of this testimony was proper since, owing to petitioner's separate income, her husband had no "interest" in this portion of her claim for purposes of the application of CPLR 4519 (see *Matter of Maira,* 23 AD2d 957; *Walsh v Herrick,* 248 App Div 799). But, insofar as petitioner sought payment for providing decedent with a place to live, her ownership of the family home with her husband as tenants by the entirety created an "interest" in this recovery sufficient to render this portion of his testimony inadmissible *(Matter of Maira, supra).* This error, however, was harmless. As hereinafter noted there was sufficient other testimony to establish the fact that decedent not only lived with petitioner and her husband but also that the implied contract to pay for such services rendered to her extended to include the item of board. Furthermore, respondents failed to rebut the presumption of payment for such services *(Matter of McGrath,* 71 NYS2d 853, 857; see, also, *Matter of Sypian,* 114 NYS2d 587; affd 281 App Div 1072). With respect to the admission of petitioner's testimony as to the services she performed for decedent, we find that respondents waived her disqualification under CPLR 4519 by failing to object at trial *(Hickok v Bunting,* 67 App Div 560; Richardson, Evidence [10th ed], § 404 p 396). The evidence adduced at trial, specifically a letter executed by decedent when she first came to live with petitioner, provided ample support for the finding that decedent did intend to pay for the care she received from her daughter and that an implied contractual relationship existed between them. It was further established that, for the 26-month period in question, decedent, who suffered from chronic lymphatic leukemia and cerebral arteriosclerosis, was bedridden, incontinent and completely unable to feed, clothe or toilet herself. While admittedly petitioner did not present precise evidence as to the value of the services she performed for decedent, she did present information as to the cost of extended care at a nonprofit nursing home facility. Such evidence formed a sufficient basis for the court's final determination. Since "[i]n cases of this nature precise evaluations are extremely difficult and in each case the exercise of discretion and common sense by the trial court must be resorted to to determine such questions". *(Matter of Harvey,* 15 AD2d 834, 835), we see no basis for disturbing the Surrogate's findings as to value. The court, however, erred in its disallowance of respondents' counsel fees. Respondents, as coexecutrices, were fully entitled to charge the estate for reasonable attorneys' fees incurred in defense of petitioner's proceeding "up to the time when in the exercise of due diligence it was ascertained, or should have been ascertained, that the interests of the estate called for no further protection" *(Matter of Ordway,* 196 NY 95, 98). At that point, continued liability for such fees accrued against respondents individually and not as fiduciaries. Accordingly, this issue must be remitted for a determination as to when the estate no longer had an interest in petitioner's claim and all fees incurred by respondents in defense of the action up to that point should be awarded as proper charges against the estate. (Appeal from decree of Onondaga Surrogate's Court—contract.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.